Commonwealth *v.* Winter, Appellant.

Argued March 24, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Patrick H. Fierro,* with him *Fierro & Hess,* for appellant.

*Markin R. Knight,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Defendant was convicted of arson and has appealed from the refusal of his motion for a new trial. The Commonwealth's evidence was circumstantial, and consisted, inter alia, of a signed confession and evidence that defendant committed a prior crime which purported to show motive and a plan. This appeal is predicated on the contention that such evidence was inadmissible until the Commonwealth had proven the corpus delicti.

Defendant was accused of setting fire to a barn on the property of his two aunts. In order to indicate a motive, the Commonwealth introduced evidence that, two days prior to the burning, defendant had wilfully poisoned two dogs on the same property. Defendant's confession to this crime was introduced, and it included an admission that he had poisoned these dogs out of spite for his aunts. There was also evidence tending to prove that the defendant could possibly have been near the barn when the fire broke out. Also, testimony

that defendant attempted to establish an alibi, before the barn was inflamed, by asking certain persons some distance away to tell everyone that he had been there all night. Defendant's written confession to the arson itself was introduced. There was no direct evidence that defendant was near the barn at the time it began to burn. There was no evidence of any incendiary origin of the fire (other than the confession) and the investigating officers admitted they could ascertain no cause whatsoever.

It is well established that a confession may not be considered by the jury unless the corpus delicti has been proven. *Commonwealth v. Dolph,* 164 Pa. Superior Ct. 415, 65 A. 2d 253. The corpus delicti is established by showing (1) a specific injury or loss, and (2) somebody's criminality, as the source of the injury or loss. *Commonwealth v. Dolph,* supra. Though it may be shown by circumstantial evidence, it must be proven beyond a reasonable doubt. *Commonwealth v. Turza,* 340 Pa. 128, 16 A. 2d 401.

The evidence presented in this case was so weak as to have given the jury nothing more than a basis for conjecture. The situs of the fire gave forth absolutely no evidence of the origin, incendiary or otherwise. The poisoning of the two dogs proved nothing more than defendant's spite toward his aunts. Commonwealth's attempt to link the poisoning with the fire by showing a design or plan falls far short of convincing evidence. It was shown that the animals were good watch dogs; from this it is inferred that defendant killed them to escape detection when, two days later, he set fire to the barn. This is very much in the realm of conjecture, and is also attributing a great deal of foresight to a nineteen year old boy whose mental age, it was testified, is about 10-12. Further, the Commonwealth's police officer admitted he could

see no connection between the two crimes and had no evidence of any connection. There was evidence tending to show that defendant was at a garage several miles away sufficiently in advance of the fire for him to have reached it and to have started the blaze. Also, the garageman testified that defendant asked him to tell anyone who asked that he had been there all night. We have grave doubts as to the admissibility of this last piece of evidence before the corpus delicti is proven, but in view of our decision, we need not decide that question.

From the foregoing evidence alone, the Commonwealth contends it has established the corpus delicti and therefore defendant's confession was admissible. We cannot agree with a conclusion based on such a tenuous series of facts. The jury must find beyond a reasonable doubt that this fire was caused by somebody's criminal acts. The evidence, exclusive of the confession, points only a wavering finger of suspicion toward the defendant. To allow this conviction to stand would be to sustain a finding of criminality based on sheer guesswork. The usual elements found in arson cases are absent; such as finding suspicious or incendiary materials near the fire, insurance questions, and the like. It is questionable whether a jury would have found that an arson had been committed, without the defendant's confession before it. Under the evidence presented they could only have speculated as to the existence of criminality.

It follows that there was insufficient evidence to sustain a finding of a corpus delicti and defendant's confession was inadmissible.

Judgment reversed and defendant ordered discharged.