354 A.2d 557
**COMMONWEALTH of Pennsylvania**
**v.**
**Sylvester CARTHON, Appellant.**

Supreme Court of Pennsylvania.

Argued April 10, 1975.

Decided March 17, 1976.

Rehearing Denied April 19, 1976.

74

John W. Packel, Chief, Appeals Div., Defender Assn. of Philadelphia, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Sylvester Carthon, was convicted of arson and firing personal property after a nonjury trial in the Court of Common Pleas, Philadelphia County. Post-verdict motions were denied and appellant was sentenced to a term of imprisonment of six months to three years on the arson charge; sentence was suspended on the charge of firing personalty. On direct appeal to the Superior Court judgments of sentence were affirmed by an equally divided court. 226 Pa.Super. 107, 313 A.2d 362. We granted appellant's petition for allowance of appeal and this appeal followed.

The evidence adduced at trial established the following facts. One Linda Williams, the complainant, left her 15th floor apartment at approximately 11:00 P.M., on March 20, 1972, and when she returned about fifteen minutes later, her "boyfriend," appellant, was in her livingroom. On a table was a gasoline can which appellant explained, when questioned by complainant, was gas for a friend's car. Complainant then sat down on the couch, and after they had talked for approximately fifteen minutes, she dozed off. Shortly thereafter complainant awoke and discovered the gas can lying on the floor in a puddle of gasoline which she directed appellant to clean up.

Complainant then dozed off again and when she awoke she saw appellant standing in front of her. She heard a "big noise," and saw the gasoline blaze up behind him. Appellant grabbed Mrs. Williams and pulled her out onto the balcony, stating "He was sorry, he didn't mean it." He then shouted for someone to call the fire department.

An assistant fire marshal for the Philadelphia Fire Department arrived approximately one hour after the fire, after the furniture had been moved to the balcony,

and the area of the fire had been cleaned by the fire department. He observed a flammable liquid burn pattern in the middle of the livingroom floor. The floor, wall, ceiling, and much of the furniture was burned. He testified, over objection, that in his opinion the fire was incendiary in nature. He did state, however, that gasoline could be ignited by static electricity. Although he could not determine whether such static changes were present in the apartment, he thought this would be unlikely since the floor covering was of tile. He also admitted that a burning cigarette in an ashtray setting on the table five feet away could have started the fire if the gasoline vapor-air mixture was correct. He emphasized that the fire must have been a flash fire which ignited shortly after the gasoline was spilled on the floor, because had there been a significant passage of time before ignition, a violent explosion would have resulted. He could not, however, state with any certainty the amount of time that elapsed between the moment the gasoline spilled on the floor and the moment of ignition.

Appellant testified that he had purchased the can of gasoline for a friend's car in which he had been riding and which had run out of gas near Mrs. Williams' apartment building. He stated that he went to get gasoline, leaving a radio at the service station as a deposit on the can. When he returned to the car he discovered his friend was gone and the car was locked. He then went to complainant's apartment where he placed the can of gas on the table. He stated that the can fell off the table, and as he reached for the mop which was in a nearby closet, the gasoline erupted. He then grabbed complainant and took her out onto the balcony and called for help.

The offense of arson is defined in 18 P.S. § 4905: "Whoever, willfully and maliciously, sets fire to or burns, or causes to be burned, or who aids, counsels, or procures the burning of any dwelling house   .   .   .

whether the property of himself or of another, is guilty of arson." 1939, June 24, P.L. 872, Sec. 905. In order to prove that arson has been committed, the prosecution must establish beyond a reasonable doubt (1) that there was a fire, (2) that it was willfully and maliciously set, and (3) that the defendant was the guilty party. *Commonwealth v. Mozzillo*, 443 Pa. 171, 278 A.2d 874 (1971); *Commonwealth v. Leslie*, 424 Pa. 331, 227 A.2d 900 (1967); *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A. 2d 435 (1956).

Appellant raises three issues for our consideration:

(1) Whether the evidence was sufficient in law to prove beyond a reasonable doubt that the defendant was guilty of the crime charged;

(2) Whether the trial court erred in permitting expert opinion testimony that the fire was incendiary where such opinion had no factual basis; and

(3) Whether under the facts of this case it was error to permit expert opinion testimony on the question of whether the origin of the fire was accidental or incendiary where such an opinion could just have readily been formulated independently by the fact finder.

After having reviewed the record, we conclude that the evidence was insufficient to convict appellant of the crime of arson, and therefore the judgment of sentence is reversed and appellant discharged. In view of this disposition, there is, of course, no need to consider the other questions raised.

■ Considering the evidence and all the legitimate inferences that may be drawn from it in the light most favorable to the Commonwealth, *see Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973); *Commonwealth v. Stukes*, 435 Pa. 535, 257 A.2d 828 (1969), we conclude that the evidence in the instant case was insufficient to prove beyond a reasonable doubt that appellant deliberately ignited the gasoline which resulted in the

fire in complainant's apartment, and therefore it was insufficient to establish that the fire was "willfully and maliciously" set as required by the statute. The most that can be deduced from the prosecution's evidence is that appellant brought the gasoline into the complainant's apartment, and that appellant was the only person near the gasoline when it ignited. The prosecution's expert testimony read in the light most favorable to it established only that the fire was caused by something other than static electricity, and that the fire began within a short period of time following the spilling of the gasoline onto the floor. Appellant's statements to the complainant immediately after the eruption of the fire can at best be interpreted as an admission of responsibility for the blaze, but cannot be held to admit willful and malicious setting of the fire. The prosecution has therefore failed to establish one of the elements necessary to prove appellant guilty of arson.

The offense of firing personal property is defined in 18 P.S. § 4907: "Any person who, without the consent of the owner, *willfully and maliciously* sets fire to or burns . . . [personal property] . . . is guilty of a misdemeanor . . . " 1939, June 24, P.L. 872, Sec. 907. (Emphasis added.) Because the statute requires a person to act "willfully and maliciously" to be guilty of the offense of firing personal property, the considerations which led to our conclusion that the evidence was insufficient to prove beyond a reasonable doubt that appellant was guilty of the crime of arson, lead also to the conclusion that the evidence was insufficient to convict for this offense.

Judgments of sentence reversed, appellant discharged.

JONES, C. J., did not participate in the consideration or decision of this case.