372 A.2d 1214

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Robert Randolph PATTERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided April 19, 1977.

Sanford S. Finder, Washington, and James Hook and K. O. Tompkins, II, Waynesburg, for appellant.

W. Bertram Waychoff, District Attorney, Waynesburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On March 27, 1975, after being found guilty by a jury, appellant was sentenced on counts of arson and criminal trespass. Post-trial motions were filed and denied and the case is before us on direct appeal.

The charges arose out of the burning of two uninhabited farmhouses in Greene County on February 16, 1974. The houses, referred to at trial as the Sabean house and the Esposito house, were separated by only a short distance, and both houses burned on the same day and at approximately the same time.

Appellant first contends that the Commonwealth failed to prove the *corpus delicti* of the crime of arson before incriminating out-of-court statements by appellant were introduced at the trial.

Appellant is correct in stating that the law requires proof that a crime has been committed before any incriminating statements by an accused may be shown. *Commonwealth v. Burns,* 409 Pa. 619, 187 A.2d 552 (1962); *Commonwealth v. Winter,* 174 Pa.Super. 35, 98 A.2d 221 (1953).

The standard we must apply in deciding whether the *corpus delicti* has been proved in an arson case is stated in *Commonwealth v. Nasuti,* 385 Pa. 436, 123 A.2d 435 (1956):

> In an arson case the *corpus delicti* consists of a willful and malicious burning, that is, a fire of incendiary origin. That the *corpus delicti* can always be proved by circumstantial evidence is unquestionable.

*Id.* 385 Pa. at 441–42, 123 A.2d at 437. (footnote omitted)

*See also, Commonwealth v. Williams,* 455 Pa. 539, 316 A.2d 888 (1974). In order to show the *corpus delicti* the Commonwealth does not have to prove that the defendant himself committed the crime; neither does it have to prove that the burning could not have been caused by accident. The Commonwealth must only prove "beyond a reasonable doubt that the injury or loss is consistent with a crime having been committed . . . ." *Commonwealth v. Rhoads,* 225 Pa. Super. 208, 213, 310 A.2d 406, 409 (1973). *See also, Commonwealth v. May,* 451 Pa. 31, 301 A.2d 368 (1973).

Appellant makes much of the fact that when the authorities investigated the sites of the two fires they found no indication that the fires were started by an incendiary device. However, if this fact alone were dispositive, it would be almost impossible to prove *corpus delicti* where an arsonist was careful to hide his tracks.

In this case, the Commonwealth introduced sufficient circumstantial evidence to negate the possibility of accidental burning and to point to criminal agency. The two nearby structures were found to be burning at almost the same time. The houses were uninhabited, both being used mainly for summer and holiday retreats by their owners. The Commonwealth introduced the testimony of the owners that each house had been secured for their absence. Both houses had been locked, and no one but the owners had keys. No one in the area was appointed to be "caretaker" of either house in the owner's absence, and no one was given permission to enter either house. Moreover, the Commonwealth's main witness, appellant's brother-in-law, testified that he was with appellant on the day both houses burned and that he accompanied appellant to both sites shortly before the fires. The witness testified that because he was recuperating from an injury he was forced to remain near appellant's car, but that he saw appellant enter both houses for no apparent reason, and also saw appellant leave both houses hastily after a short time.

Even excluding the incriminating statements made by appellant to his brother-in-law at the time, the evidence

presented by the Commonwealth clearly points away from a conclusion that the fires were caused by accident, but rather were the result of a criminal act. Thus appellant's contention that the *corpus delicti* was not shown is without merit.

 Appellant next contends that the evidence was insufficient. If we assume the truth of the testimony of the Commonwealth's witnesses, as we must when reviewing the sufficiency of the evidence on a conviction, *Commonwealth v. Courts*, 468 Pa. 613, 364 A.2d 684 (Filed Oct. 8, 1976), sufficient evidence will be found. Beside placing appellant at the scene of both fires shortly before they started appellant's brother-in-law testified that he had asked appellant whether he had started a fire immediately after appellant left each house, and that both times appellant responded by laughing and smirking. Appellant did not deny setting fire to the houses, but only told his brother-in-law that he had nothing to worry about. After appellant left the Sabean property he said that the wallpaper was hard to get off the walls. At the Esposito property appellant asked his brother-in-law if some hay that was stored on the property belonged to the brother-in-law's father. Upon being told that it did, appellant's response was: " . . . well, I wouldn't burn that or anything." N.T. 152.

Appellant's final contention is that his case was prejudiced by an improper remark by the prosecutor during summation. The prosecutor said that appellant had been in and out of trouble for 26 years. (At the time of trial appellant was 26 years old.) An objection was immediately made by defense counsel, who pointed out that there was nothing in the record to support the remark. The trial judge immediately sustained the objection and instructed the jury to disregard the remark. Later, in his charge to the jury, the judge again instructed the jury that they were not to consider the remark.

 The prosecutor's remark was plainly improper. American Bar Association Project on Standards for Criminal Justice, Standards Relating to The Prosecution Function,

§ 5.9 (Approved Draft, 1971). No evidence had been introduced at trial to support the remark, and it is at least doubtful that any such evidence would have been relevant. Appellant did testify in his own defense. If by the term "trouble" the prosecutor was referring to a previous conviction for a serious crime, he should have offered proof of the conviction for impeachment. *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). The difficulty is that we do not know what the prosecutor meant, and neither did the jury. Such a statement is just ambiguous enough to allow a jury to suspect the worst. It may be more prejudicial, for example, than an improper comment that a defendant had committed a specific crime. In such a case, at least the jury is not invited to use its imagination to supply the details.

The question before us, therefore, is whether the action of the trial judge in sustaining defense counsel's objection and in giving curative instructions, was sufficient to obviate the effect of the prosecutor's remark. In considering this question, we must determine whether the judge's action was "adequate to fully protect the rights of the accused." *Commonwealth v. Russell,* 456 Pa. 559, 565, 322 A.2d 127, 130 (1974). Adequacy will be affected by the speed of the judge's action. A quick reaction by the judge to the improper remark, followed by a curative instruction reinforcing that reaction, is most effective. "The instruction should preferably be given immediately after the prejudicial event and repeated in the charge to the jury. . . . [I]t should clearly and firmly advise the jury that the prejudicial event must be disregarded." *Commonwealth v. Talley,* 456 Pa. 574, 584, 318 A.2d 922, 927 (1974) (dissenting opinion by ROBERTS, J.). *See also, Commonwealth v. Wiggins,* 231 Pa.Super. 71, 78, 328 A.2d 520, 523 (1974) (dissenting opinion by SPAETH, J.).

Here, immediately after appellant's counsel objected to the prosecutor's remark, the trial judge said to the jury:
> There is no evidence, members of the jury, that the defendant has been in trouble for 26 years. We are not concerned with any prior conduct of the defendant. We

are concerned with only what he did, if anything, on the issue in question. I am sure you will not let that unfortunate remark disturb or affect your deliberations. Please proceed as if [the prosecutor] had not said that.

Record at 244–45.

The judge returned to the issue during his charge to the jury:

Although not suggested at the moment, I am going to draw one more thought. I want to remind you to disregard the argument made in closing about the defendant having for 26 years been in and out of trouble. There is no evidence before you that he has been in any trouble; there is some evidence of good reputation which I have described to you. You are not to consider that comment in your deliberations.

Record at 255.

Thus the judge reacted both quickly and decisively to the prosecutor's remark. Taken together, his instructions were sufficient to "clearly and firmly advise the jury that the prejudicial event must be disregarded." *Commonwealth v. Talley, supra.* Moreover, the ambiguous nature of the remark, while perhaps making the remark more dangerous before the judge's instructions, served to make the effect of the remark on the jury easier to dispel. After considering these factors in the context of the entire record, we conclude that the trial judge's actions were "adequate to fully protect the rights of the accused." *Commonwealth v. Russell, supra.*

Judgment of sentence affirmed.

CERCONE, J., files a concurring opinion in which HOFFMAN and PRICE, JJ., join.

CERCONE, Judge, concurring:

I join in the rationale and result reached by the majority in the instant case with only one reservation. With respect to the question of the quantum of evidence required to establish *corpus delicti* before a confession can take a criminal case to the jury, no jurisdiction requires that the *corpus*

*delicti* must be proved beyond a reasonable doubt solely on evidence independent of the confession. Professor McCormick has stated that to sustain a conviction: "It is not necessary that the independent proof tend to connect the defendant with the crime. Nor need the independent proof establish [*corpus delicti*] beyond a reasonable doubt." McCormick on Evidence 347 (2d ed. 1972). Although jurisdictions differ in the amount of proof required, ranging from "slight" evidence to a "prima facie showing" of *corpus delicti,* none has required proof beyond a reasonable doubt. To the extent that today's decision implied that Pennsylvania may require proof beyond a reasonable doubt, I disagree. See *Commonwealth v. Ware,* 459 Pa. 334, 367, n. 43, 329 A.2d 258 (1974).

HOFFMAN and PRICE, JJ., join in this concurring opinion.