416 A.2d 1105

COMMONWEALTH of Pennsylvania

v.

**Eglantina MONTEIL, Appellant.**

Superior Court of Pennsylvania.

Argued July 30, 1979.

Filed Dec. 21, 1979.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Division, by the defendant-appellant, Eglantina Monteil, after conviction, non-jury, of murder in the third degree and involuntary manslaughter. Post-trial motions were denied and she was sentenced to a term of imprisonment of not less than five (5) nor more than fifteen (15) years on the murder charge and to a term of not less than two (2) and one-half (½) years nor more than five (5) years on the involuntary manslaughter charge.

The defendant was charged with the brutal beating death of the four year old daughter of her paramour. The testimony of the medical examiner described 43 separate groups of injuries from the top of the head to the bottom of the feet. The injuries took place over a period of time. Three separate sets of injuries, inflicted on different days were each lethal. The testimony in the case came primarily from

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

the defendant; her paramour, Roberto Gonzales; the paramour's ten year old son, Martin Gonzales; and the defendant's ten year old son, (Jone Martes). The witnesses all stated that the defendant and her paramour had charge and custody of the deceased child and although tending to downplay the injuries inflicted testified to the infliction of injuries upon the child.

■ The contention that the court erred in refusing to grant her motion for arrest of judgment attacks the sufficiency of the evidence.

The child had died from multiple injuries to the head, trunk and extremities as a result of being beaten and flogged over a several week period. The witnesses all testified that the defendant kicked the child and hit the child with a belt. The Commonwealth can prove that the defendant caused the fatal injuries by circumstantial evidence. *Commonwealth v. Courts*, 468 Pa. 613, 364 A.2d 684 (1976). Inferences drawn from the testimony could lead the trier of fact to conclude that the defendant caused the fatal injuries.

The defendant and her paramour were the only adults in the household where the child resided. The medical examiner testified that death could have occurred from injuries occurring close to the time of death or from an accumulation of injuries over the several week period. Roberto Gonzales, the paramour, did not strike the child nor was he with the child, close to the time of death. The trier of fact may infer that the adult with sole custody of the child inflicted the fatal wounds, that the wounds were not self-inflicted or caused by accident. *Commonwealth v. Lettrich*, 346 Pa. 497, 31 A.2d 155 (1943); *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973).

We need not reiterate the long established test for the sufficiency of the evidence. *Commonwealth v. Paquette, supra.* There was sufficient evidence presented by the medical examiner that the child died of injuries sustained during repeated and severe beatings. There was a demon-

strated pattern of beating. *Commonwealth v. Stafford*, 451 Pa. 95, 301 A.2d 600 (1973).

The defendant contends that the court below erred in finding the defendant guilty of murder in the third degree in that the verdict of the three judge panel was not unanimous and in failing to hold *Rule 353 of the Pennsylvania Rules of Criminal Procedure* unconstitutional.

The defendant waived trial by jury and accepted the provisions of *Rule 353* in effect at the time. This rule was adopted under the provisions of the *Pennsylvania Constitution, Article 5, Section 10(c)*. The rule provides for the procedure when jury trial is waived and the defendant is charged with murder. It requires a three judge panel to try the case; a unanimous vote to find first degree murder and a majority vote for any lesser degree. Here the vote was two to one for murder in the third degree. She could have been tried by a single judge had the District Attorney certified. In view of her waiver, the vote need not be unanimous. *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974). *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). The defendant had no federal constitutional right to a unanimous verdict. *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).

Next, the defendant contends that the suppression court erred in ruling the admissibility of the belts into evidence. This is without merit. There was probable cause for a search. Early independent information was secured as to the use of belts in beating the child. The defendant gave two statements, one exculpatory, which was suppressed, and another five hours later to different officers after proper warnings. This was found to be free of taint and admissible. *Commonwealth v. Whitaker*, 461 Pa. 407, 336 A.2d 603 (1975).

The defendant further complains that the court erred in permitting the prosecution to plead surprise and cross examine the paramour, Roberto Gonzales.

The father of the deceased child testified at his own trial that the defendant had abused the child shortly before her death. But when called at this trial suffered a lapse of memory and testified differently. The Commonwealth pled surprise and the court permitted cross examination. The questions that caused the surprise were as follows:

Q. . . . What, if anything, happened [before you went to work] on Friday, the 11th of February?

A. Before—nothing. The little girl was throwing up.

Q. . . . What, if anything, unusual happened—on Friday, the day before Carmen died in your house, between Eglantina and Carmen—?

A. I don't remember.

The testimony referred to Friday the day before the child died. When taken as a whole he now testified that nothing happened on that day except that the child threw up. This was clearly contrary to his former testimony that on that day the defendant kicked the child and threatened to kill her. The testimony was crucial as the medical examiner fixed the time of a fatal abdominal injury about that time. The extent of the reading into the record of the prior testimony was necessary for clarity. The permission to cross examine did not constitute error. *Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976).

There is no merit in the defendant's complaint concerning the questioning by the court of the defendant's ten year old son. The questioning clarified an important issue which was not clear. It was not an abuse of discretion. No objection was made to the questions. *Commonwealth v. McGlory*, 226 Pa.Super. 493, 313 A.2d 326 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

The contention that the court erred in denying her motion for a mistrial because of remarks made by Attorney Mrs. O'Shea, Child Advocate, and Martin Gonzales, a Commonwealth witness, is without merit.

Mrs. O'Shea appeared on behalf of Martin, another child of the household and brother of the decedent. In

chambers, she stated that she believed the boy not to be intimidated by the prosecutor, but by the defendant in view of the occurrences. Though possibly unwise, the statement was not prosecutorial misconduct. She was not the prosecutor. As the trier of facts were three experienced judges, the statement would be disregarded. A mistrial was not required. This is also true of the prosecutor engaging in some theatrics as to how the belts were used to beat the child. This would not so prejudice the defendant as to require a mistrial.

■ The Commonwealth concedes that the involuntary manslaughter conviction merged with the murder conviction and the sentence on involuntary manslaughter is hereby vacated.

Judgment of sentence affirmed as to third degree murder; sentence on involuntary manslaughter is hereby vacated.

MANDERINO, J., concurs in the result.

This decision was reached prior to the death of MANDERINO, J.