459 A.2d 373

**COMMONWEALTH of Pennsylvania**

v.

**Mark TRAFFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed April 15, 1983.

---

Richard R. Fink, Levittown, for appellant.

C. Theodore Fritsch, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

CAVANAUGH, Judge:

Appellant Mark Trafford was found guilty, following a non-jury trial, of arson, 18 Pa.C.S.A. § 3301(b). Post-verdict motions were denied and appellant was sentenced to two years probation and ordered to pay the costs of prosecution and make restitution for damages. The only claim raised on appeal is that the evidence was insufficient to sustain the verdict. We agree and therefore reverse the judgment of sentence.

In evaluating the sufficiency of the evidence after a guilty verdict, the evidence must be viewed in a light most favorable to the Commonwealth, and the Commonwealth must be given the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Burns,* 409 Pa. 619, 187 A.2d 552 (1963). But before a conviction will be sustained, "the facts and circumstances proved must be of such a character as to establish guilt beyond a reasonable doubt. And while the Commonwealth is not required to remove all doubt to a mathematical certainty, evidence to convict an accused of a crime must be something more than evidence that merely raises a suspicion of guilt. The inference of guilt must be based on facts and conditions proved; mere conjecture or surmise is not sufficient." *Commonwealth v. Garrett,* 423 Pa. 8, 12, 222 A.2d 902, 905 (1966) (citations omitted).

All of the evidence relied upon by the prosecution to support its theory in the instant case was circumstantial. "It is true that circumstantial evidence, in itself, may be sufficient to establish the commission of the crime and the accused's connection therewith." *Commonwealth v. Simpson,* 436 Pa. 459, 463, 260 A.2d 751, 754 (1970). "Indeed, it is clear that arson, by its very nature, is rarely committed in the presence of others, and a refusal to convict on circumstantial evidence alone would be tantamount to an invitation to commit the crime." *Commonwealth v. Colon,* 264 Pa. Super. 314, 325, 399 A.2d 1068, 1073 (1979). Extra caution

is due, however, in reviewing a conviction based solely on circumstantial evidence.

> [B]ecause of the fact that it is circumstantial and that a grave wrong may be done to an innocent man by reasoning from circumstances not sufficiently cogent in themselves or as connected, and particularly not sufficiently exclusive of every innocent hypothesis, the courts have been very sedulous to prevent an innocent man being found guilty where the evidence does not conform to the acceptable standards.

*Rodriquez v. United States*, 232 F.2d 819, 821 (5th Cir. 1956); cited with approval in *Commonwealth v. Santana*, 460 Pa. 482, 486, 333 A.2d 876, 877 (1975).

■ In order to convict a person of arson, the prosecution must establish beyond a reasonable doubt (1) that there was a fire, (2) that it was willfully and maliciously set, and (3) that the defendant was the guilty party. *Commonwealth v. Carthon*, 467 Pa. 73, 354 A.2d 557 (1976); *Commonwealth v. Dolan*, 287 Pa.Super. 202, 429 A.2d 1171 (1981); *Commonwealth v. Colon*, 264 Pa.Super. 314, 399 A.2d 1068 (1979). Appellant concedes that the first two elements have been established. There was a fire in the club house of the Middletown Trace Apartments, Bucks County, on December 14, 1979, and the evidence demonstrated that the fire was deliberately set. Appellant contends, however, that the evidence was insufficient to establish beyond a reasonable doubt that he was the perpetrator. The evidence presented on this issue, viewed in the light most favorable to the Commonwealth, may be summarized as follows.

At 2:34 a.m. on December 14, 1979, Victoria Hartman, the switchboard operator of the Newtown Answering Service, received an anonymous telephone call from a muffled male voice reporting a fire at the apartments. Ms. Hartman immediately paged Middletown Trace's newly employed maintenance man, appellant Mark Trafford, on his beeper. Appellant responded by telephone to the beeper page within about two minutes. Ms. Hartman told appellant about the fire and he said he would check it out. Ms. Hartman then

called Middletown Police Dispatcher Thomas Walker. Walker received Ms. Hartman's call reporting the fire at 2:39 a.m. He immediately dispatched the fire company by pushing a Plectron button in his office. While still on the phone with Ms. Hartman, Walker received a call from appellant. Walker put Ms. Hartman on hold so that he could speak with appellant. Appellant allegedly told Walker that he "would be coming from home" and would meet the police at the apartment complex. Walker then dispatched Officer Billy Johns of the Middletown Township Police Department who was at a location about two or three minutes away from the apartment complex.

It is undisputed that the first outsider to arrive at the scene of the fire was fireman William Wheeler, who estimated that he arrived at the scene within two to three minutes after receiving the Plectron call at his home. Upon arriving at the fire, Mr. Wheeler observed appellant coming out of the door of the apartment clubhouse. The clubhouse was filled with smoke and appellant advised Mr. Wheeler that he had just put out a fire. Officer Johns arrived shortly thereafter. Dispatcher Walker's records showed that Johns reported back to Walker at 2:41 a.m., stating that he had arrived at the complex.

Several fire and police officials testified that appellant told them on the morning of the fire that he had responded to his beeper page from a phone booth at Street and Knights Road in Bensalem Township, a point approximately five miles from the apartment complex, and that he then proceeded to the complex and extinguished the fire.

Appellant testified at trial that he was just leaving the Sportsman's Bar on Street Road when his beeper went off, that he phoned the answering service from a phone booth half a block away, and, upon learning of the fire, sped to the apartment complex. Upon arriving at the complex, he entered the smoke-filled clubhouse and tore down a kitchen blind which was still smoldering. He then called dispatcher Walker from the garage at the complex to report the fire and went back into the clubhouse. Upon emerging from

the building seconds later, he encountered fireman Wheeler and, shortly thereafter, Officer Johns.

Based on the testimony of the Commonwealth witnesses regarding the sequence of events between the time the fire was first reported to the answering service and the time the first fireman arrived on the scene, the trial court concluded that appellant could not have traveled from Street and Knights Road, where he contends he was when he answered his beeper page, to the apartment complex, where he contends he was when he reported the fire to Walker, during the time that elapsed between these two calls. Nor could he have made the trip between the time he called Walker and fireman Wheeler's appearance on the scene. Thus the court concluded that appellant must have responded to the beeper page and reported the fire to police dispatcher Walker all from the same location close to the fire and that he intentionally gave false information to officials as to his whereabouts at the time of the fire. The lower court found that this was sufficient to establish, beyond a reasonable doubt, that appellant set the fire. We disagree.

■ At best, the Commonwealth's evidence supports a conclusion that appellant lied about where he was when he was notified of the fire and that he was at or near the scene of the fire when it was started. Appellant's presence at the scene of the fire is certainly insufficient to establish guilt. *Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976). Nor is the added factor of his apparently false statements as to his whereabouts sufficient to establish a prima facie case. "A man charged with crime is not required to explain anything. It is the Commonwealth's obligation to prove guilt. . . . [I]f the defendant does speak and speaks unconvincingly or self-contradictorily, but the Commonwealth has not made out a prima facie case, a resulting conviction will not be allowed to stand." *Commonwealth v. Clinton,* 391 Pa. 212, 216–17, 137 A.2d 463, 465 (1958). The Commonwealth can not use apparent inconsistencies in the appellant's version of the events surrounding the fire to make up for deficiencies in its own case. Of

course, appellant's deceptions would lead one to suspect that perhaps mischief was afoot, but his willingness to mislead provides no basis in logic for concluding that he engaged in the deliberate felonious act of arson. While the evidence in the instant case may have cast a degree of suspicion on appellant, it is clear that "suspicion is never accepted in a court of justice as a substitute for proof." *Commonwealth v. New*, 354 Pa. 188, 198, 47 A.2d 450, 457 (1946). *See Commonwealth v. Long*, 470 Pa. 204, 368 A.2d 265 (1977); *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966); *Commonwealth v. Deyell*, 399 Pa. 563, 160 A.2d 448 (1960); *Commonwealth v. Clinton*, supra; *Commonwealth v. McCormick*, 304 Pa.Super. 321, 450 A.2d 701 (1982). We believe that too much has been left to conjecture in the instant case and therefore conclude that we cannot permit the conviction to stand.

Judgment of sentence reversed and appellant ordered discharged.