488 A.2d 277

**COMMONWEALTH of Pennsylvania**

v.

**Russell HAMILTON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed Feb. 8, 1985.

2

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and MONTGOMERY, JJ.

SPAETH, President Judge:

This is an appeal from judgments of sentence for arson [1] and burglary.[2] Appellant argues that the Commonwealth

---

1. At the time of appellant's arrest, arson was defined as

 (b) Endangering property.—A person commits a felony of the second degree if he:

 (1) starts a fire or causes an explosion with intent of destroying a building or occupied structure of another;

 ....

 18 Pa.C.S. § 3301(b)(1).

 This provision was amended by Act of Apr. 29, 1982, P.L. 363, No. 101, § 1, effective in 90 days, 18 Pa.C.S. § 3301(b)(1); Act of Dec. 7, 1982, P.L. 811, No. 227, § 1, effective in 60 days, 18 Pa.C.S. § 3301(c)(1).

2. 18 Pa.C.S. § 3502.

did not establish, on the arson charge, that the fire was of incendiary origin and that appellant set the fire, and on the burglary charge, that appellant entered the house to commit a crime. We find the evidence sufficient to support both convictions. However, because the sentences are inconsistent as recorded, they are vacated and the case is remanded for resentencing.

-1-

■ To be sufficient to support a conviction of arson, the evidence must establish that there was (1) a fire (2) of incendiary origin (3) set by the defendant.[3] *Commonwealth v. Galloway*, 302 Pa.Super. 145, 151, 448 A.2d 568, 571 (1982). Appellant concedes that there was a fire. Brief for Appellant at 8. His argument is that the evidence was insufficient to establish the second and third elements.

In determining the sufficiency of evidence, we must view all the evidence, together with all reasonable inferences from it, in the light most favorable to the Commonwealth. *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). In arson cases, circumstantial evidence is often especially important. *Commonwealth v. DiNicola*, 503 Pa. 90, 468 A.2d 1078 (1983); *Commonwealth v. Colon*, 264 Pa.Super. 314, 399 A.2d 1068 (1979). Viewed in this light, the evidence was as follows.

On June 13, 1980, at about 12:15 a.m., a neighbor heard the sound of glass breaking at a nearby residence at 504 Southern Avenue in Pittsburgh. The neighbor looked out her window and saw a man, whom she later identified as appellant, push the glass out, unlatch the window, and climb through the window into the house. Leaving her window only long enough to call the police, the neighbor then saw the man leave the house through the front door, return to

---

3. An incendiary fire is one that is willfully and maliciously set. *Commonwealth v. Trafford*, 312 Pa.Super. 578, 581, 459 A.2d 373, 374 (1983); *see also Commonwealth v. Nasuti*, 385 Pa. 436, 441–42, 123 A.2d 435, 437 (1956). The prior statute defining arson used this terminology. Act of June 24, 1939, P.L. 872, § 905, 18 P.S. § 4905 (repealed and superseded). *See also* note 1, *supra*.

the house and leave, and return and leave a third time. Each time the man was inside the house only a brief time—no longer than five minutes. It appeared to the neighbor that when the man came out of the house the first time, and leaned against the wall, he was "more or less" drunk. N.T. 12/7/82, 24. When he came out of the house the last time, she saw him go down the street, disappear briefly, and return smoking a cigarette. He waited a few minutes for the bus, and when the bus arrived, he boarded it.

Another neighbor, after having been told by his sister that she had heard glass breaking, walked toward 504 Southern. This neighbor also saw a man, whom he later identified as appellant, leave 504 Southern. The man asked the neighbor for a cigarette and matches. The neighbor gave him a cigarette, told him to keep the matches, and then saw him go back to the house. N.T. 12/7/82, 32–33. He testified that he heard the man stepping, or what sounded like stepping, on broken glass. Then the man "ran out of the house" and caught the bus. N.T. 12/7/82, 33. The neighbor gave a description of the man to a police officer in a patrol car and told the officer that the man had gotten on a bus. Within 10 to 15 minutes, the neighbor saw a "fire flash" at 504 Southern. N.T. 12/7/82, 34, 40. He and a friend ran inside and tried to put the fire out. He saw piles of garbage on the floor spread like "a trail [arranged] one piece of paper to another piece of paper to start a fire." N.T. 12/7/82, 35.

A Pittsburgh fire captain with eighteen years of experience responded to the call and found four "trailers," two on each floor. The captain described a trailer as "rubbish, papers ... laid in a line for the fire to follow to another pile of rubbish." N.T. 12/7/82, 51. There was no furniture in the apartment, N.T. 12/7/82, 52, and the utilities had been turned off, N.T. 12/7/82, 60. The captain testified that "[t]he fire couldn't have been started accidentally." N.T. 12/7/82, 54. "The wall that the fire was on there was nothing near that area that could have caused ... [the

fire]." *Id.* While he agreed on cross-examination that no accelerant was found at the scene, N.T. 12/7/82, 59–60, he maintained that the fire was not accidental because "[t]here was nothing there to start that pile of rubbish on fire," N.T. 12/7/82, 60. When asked whether "the policemen and the other people who came in after the fire moved the papers," he pointed out that there were also trailers on the second floor, which had not caught on fire. N.T. 12/7/82, 56–58. There was no evidence that the neighbors had been on the second floor.

This evidence was sufficient for the trial court, which was sitting without a jury, to find that the fire was of incendiary origin. This case is distinguishable from *Commonwealth v. Carthon,* 467 Pa. 73, 354 A.2d 557 (1976). In *Carthon,* the fire marshal could not rule out accidental causes; the evidence only established that the defendant brought gasoline into the house and a fire developed after it was spilled onto the floor. Here, the fire captain did rule out accidental causes, and the evidence disclosed deliberate placing of materials in a pattern to facilitate a fire. Nor does *Commonwealth v. Patterson,* 247 Pa.Super. 527, 372 A.2d 1214 (1977), cited by appellant, support appellant's position. To the contrary, in *Patterson,* as here, the authorities "found no indication that the fires were started by an incendiary device," *id.,* 247 Pa.Superior Ct. at 530, 372 A.2d at 1216, and yet we found the evidence sufficient, pointing out that "if this fact [the lack of evidence of an incendiary device] alone were dispositive, it would be almost impossible to prove *corpus delicti* where an arsonist was careful to hide his tracks." *Id. Cf. Commonwealth v. Moore,* 466 Pa. 510, 514–15, 353 A.2d 808, 810 (1976) (finding that fire incendiary sustained where evidence of noise of a scuffle shortly before fire ignited and experienced fire marshal concluded that "most probable accidental causes could be ruled out").

■ Appellant argues, however, that he was intoxicated the night of the fire and could not have had the necessary *mens rea* to commit arson. Appellant states that he "rec-

ognizes that a defendant may not claim voluntary intoxication to negate a finding of intent for a particular crime," Brief for Appellant at 11, *citing* 18 Pa.C.S. § 308, and urges that the "evidence of intoxication does prove [his] claim that he could have accidentally dropped a cigarette in the house already full of garbage." *Id.*

It has been argued elsewhere that § 308 does not preclude evidence of intoxication for the purposes of proving accident. Murphy, Has Pennsylvania Found a Satisfactory Intoxication Defense? 81 Dick.L.Rev. 199, 202–03 (1977). However, we do not agree that the legislature intended that evidence of intoxication could be used in this manner. In *Commonwealth v. Rumsey*, 309 Pa.Super. 137, 454 A.2d 1121 (1983), we stated:

> [I]t is apparent that in amended § 308 the legislature in effect redefined the *mens rea* element of intentional or knowing crimes to include those cases where the putative offender performed the criminal act but was unable to form the criminal intent otherwise required solely because he was voluntarily drunk or drugged.

*Id.*, 309 Pa.Superior Ct. at 140, 454 A.2d at 1122.

This redefinition of *mens rea* could be circumvented were we to permit evidence of intoxication to establish an accident in this case. For appellant's disclaimer that he seeks to negate a finding of intent is disingenuous: arguing accident is arguing absence of intent, here, the "intent of destroying a building." 18 Pa.C.S. § 3301(b)(1).[4] Moreover, circumvention would be easy, for intoxication is "a defense peculiarly subject to fabrication and false claims." *Commonwealth v. Rumsey, supra,* 309 Pa.Superior Ct. at 144, 454 A.2d at 1124 (citations omitted).

The evidence was also sufficient for the trial court to find that appellant broke into the house with the intent to commit arson, and that while inside the house, he did commit arson. The trial court could reasonably infer that while inside the house, appellant laid out the papers on the first and second floors so that a fire would travel from one

4. *See* note 1, *supra*.

pile to another, and that seeking a starter, appellant left the house, got a cigarette and matches from the neighbor, brought them back with him into the house, and used them to start the fire that "flash[ed]" up shortly after he left. The inconsistency in the testimony of the two neighbors was not such as to require the trial court to have a reasonable doubt; the court could reject that part of the testimony of the neighbor standing at the window about what happened after appellant got the cigarette and matches, and believe the other neighbor's testimony that appellant returned to the house with a cigarette and matches. *Commonwealth v. Dumas*, 299 Pa.Super. 335, 445 A.2d 782 (1982) (factfinder can believe all, part, or none of the evidence). Both neighbors placed appellant inside the house, which was uninhabitated and had been secured, just prior to the fire. Given the events surrounding appellant's presence at the scene, the conviction may not be said to rest only on evidence of appellant's proximity to the scene of the crime. *Cf. Commonwealth v. Trafford*, 312 Pa.Super. 578, 459 A.2d 373 (1983).

–2–

 We raise the legality of appellant's sentence *sua sponte*. *Commonwealth v. Betoni*, 254 Pa.Super. 26, 28, 385 A.2d 506, 507 (1978). *See also Commonwealth v. Brown*, 290 Pa.Super. 448, 453, 434 A.2d 838, 840 (1981). The record reveals that appellant received a sentence of incarceration and a suspended sentence, but it is unclear which sentence was imposed for burglary and which for arson. The sentencing transcript reveals that the trial court imposed a 1½ to 3 year term of incarceration on count 2 of the information (arson) and a suspended sentence on count 1 of the same information (burglary). N.T. 1/31/83, 10. However, the certified copy of the docket entries, and the sheet stapled to the information itself, which is signed by the trial judge, both show separate entries indicating that the term of incarceration and suspended sentence were imposed on count 2 (arson). When there is a discrepancy between the sentence as recorded and as announced, the

8

former usually controls. *Commonwealth ex rel. Middleton v. Banmiller,* 195 Pa.Super. 45, 169 A.2d 343 (1961). Here, however, the sentences as recorded are irreconcilable. Since the court apparently intended to impose a suspended sentence for burglary, we note that the court did not have the authority to impose such a sentence. Since a suspended sentence is not provided for in the Sentencing Code, 42 Pa.C.S. § 9721(a), it is an illegal sentence. *See Commonwealth v. Ferrier,* 326 Pa.Super. 331, 337, 473 A.2d 1375, 1378 (1984) ("indefinitely suspended sentence is not a sanctioned sentencing alternative").

Judgments of sentence vacated and case remanded for resentencing consistent with this opinion.