521 A.2d 40

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth SCOFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1986.

Filed Feb. 12, 1987.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before TAMILIA, HOFFMAN and HESTER, JJ.

TAMILIA, Judge:

This is a consolidated appeal from judgment of sentence entered after the court, sitting without a jury, convicted appellant, Kenneth Scofield, of aggravated assault[1] and

1. 18 Pa.C.S.A. § 2702.

recklessly endangering another person,[2] and acquitted him of driving under the influence of alcohol. Appellant was sentenced to twenty-nine (29) to fifty-eight (58) months imprisonment on work release, to be followed by one (1) year of probation. Appellant's conviction of reckless endangerment merged with the aggravated assault charge for sentencing purposes.

The facts of this case, as accurately set forth by the court below, are as follows:

On February 8, 1985, at approximately 10:00 p.m., Scofield was driving a brown Chevrolet north on the 3900 block of Broad Street in Philadelphia. At that time, George Munroe ("Munroe"), a cab driver, was travelling south on Broad Street in his cab scanning the area for potential fares. Munroe noticed Lamont Skipworth ("Skipworth") walking on the pavement on the east side of Broad Street. Munroe's attention was then drawn to Scofield's vehicle because he noticed sparks that were caused by Scofield's car scraping up against the left front bumper that was parked on the east side of Broad Street facing north in the parking lane. Scofield's vehicle traveled another ten feet in this manner before swerving onto the sidewalk and striking a building. At this point Munroe lost sight of Skipworth. Munroe then saw Skipworth under the right front fender of Scofield's vehicle. Munroe approached Scofield's car and told him to "cut the car off." Scofield said, "Look brother, give me a chance, leave me alone, I am all fucked up." Munroe attempted to put his hand inside the car in order to turn off the ignition at which point Scofield became belligerent, hitting at Munroe and attempting to bite him. Scofield then reved the engine and tried unsuccessfully to put his car in reverse. His efforts were thwarted by a flat tire which his vehicle sustained during the incident. Scofield was able to move the car away from the building but it then came to rest against a nearby tree.

2. 18 Pa.C.S.A. § 2705.

It was subsequently determined that Skipworth was severely injured as a result of the accident necessitating amputation of one of his legs. He required hospitalization for a period of three months.

(Slip Op. Temin, J., 8/18/86, pp. 2, 3).

Appellant now contends the evidence was insufficient to support his convictions of aggravated assault and recklessly endangering another person as the requisite *mens rea* of recklessness was not established. Appellant claims the evidence establishes "no more than his role as the driver of a vehicle that went out of control and struck a pedestrian, resulting in serious injury." (Appellant's brief at p. 8). The injuries were so severe as to require the amputation of the victim's leg and hospitalization for three months.

In evaluating the sufficiency of the evidence, we must view all the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth in order to determine if the evidence was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Hamilton,* 339 Pa.Super. 1, 488 A.2d 277 (1985).

Appellant was charged with violation of 18 Pa.C.S.A. § 2702(a)(1) and as such, the Commonwealth must "establish beyond a reasonable doubt that appellant attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." *Commonwealth v. Rohach,* 344 Pa.Super. 229, 233, 496 A.2d 768, 770 (1985).

At 18 Pa.C.S.A. § 302(b)(3), the term "reckless" is defined as follows:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree, that considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross

deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

■ Appellant's claim that his actions were consistent with mere negligent conduct is belied by the evidence produced at trial. As stated by the court below:

The record in this case is replete with evidence that Scofield operated his car in an intentionally reckless manner. Immediately prior to the accident he was observed driving his car so that it scraped up against the side of a parked car hard enough to produce sparks after which he swerved onto the sidewalk and struck a building. Additionally, his actions immediately following the accident demonstrate that he was conscious and aware of what he was doing. Not only did he attempt to prevent Munroe from turning off his ignition, he also attempted to shift his car in reverse and drive away. The manner in which the car was observed being driven prior to the accident was sufficient to establish the element of recklessness and Scofield's actions following the accident were sufficient to establish that his actions were intentionaly in that he was fully aware of what was going on.

(Slip Op. at 5–6). Evidence that appellant intended to run over Skipworth is not necessary to sustain appellant's convictions.

As stated in *Commonwealth v. Raspa*, 138 Pa.Super. 26, 29, 9 A.2d 925, 927 (1939):

In *Com. v. Coccodralli*, 74 Pa.Super. 324, the evidence was found to be sufficient to warrant a finding that the defendant had driven his truck in a manner which manifestly and necessarily imperiled the lives and limbs of other persons lawfully upon the street, and it was held that these facts raised a legal implication of malice though the defendant was not actuated by express malice and did not consciously intend to injure anyone. From proof that the operator of a car was willfully driving in a manner which involved reckless disregard for the safety of others lawfully using the streets, the necessary intent may be inferred ...

■ We would go a step further than the trial judge in ascribing intentionally reckless behavior to the appellant. While the court correctly held that the evidence was insufficient to find the appellant guilty of driving under the influence of alcohol or a controlled substance 75 Pa.C.S.A. § 3731, the stipulation on the record established that appellant, upon testing, exhibited both amobarbital and secobarbital in his urine, (T.T 70 1/6–10/86, p. 70), and upon being administered a breathalyzer test, it produced a reading of .004. Considering this evidence and despite testimony from the officer conducting the onsite investigation, that appellant had an odor of alcohol on his breath, spoke with a thick tongue, had a hard time standing and had to be helped away from the vehicle, and in his opinion, the appellant was under the influence of alcohol and/or some other kind of substance, the court refused to find he was driving under the influence. This was proper as 75 Pa.C.S.A. § 1547(d) Presumptions from amount of alcohol, provides that if a breathalyzer or blood test produces a result of 0.05 per cent or less, it shall be presumed that the person was not under the influence of alcohol for purposes of driving under the influence charges. At an earlier time, before routine acceptance of scientific testing to establish a base line for driving under the influence, the observations of the officer and the behavior noted by the eyewitness, as well as the nature of the accident would have been sufficient to establish a case of driving under the influence. *Commonwealth v. Mummert,* 183 Pa.Super. 638, 133 A.2d 301 (1957). (Although a drunkometer was for the first time accepted as evidence in Pennsylvania, any evidence that a person was under the influence, to the degree that it tended to deprive one of clearness of intellect and control he would otherwise possess, was admissible.) The additional element now incorporated in the charge, "incapable of safe driving," required a higher degree of proof which could be convincingly established through legislatively approved scientific testing of breath or blood. This did not rule out, however, consid-

eration of other evidence. 75 Pa.C.S.A. 1547(e).[3] Under the present statute, while the higher standard of proof is required to establish driving under the influence, circumstantial evidence is admissible to prove various elements of the charge. Evidence that at 3:30 a.m. defendant's van was parked with the engine running and transmission in gear and lights on, with defendant who reeked of alcohol asleep at the wheel, was sufficient to go to the jury on whether or not the car was in motion as required by statute. *Commonwealth v. Matsinger*, 288 Pa.Super. 271, 388, 431 A.2d 1043 (1981). We have held that although breathalyzer evidence should be suppressed, other evidence of intoxication and incapacity for safe driving was admissible and could sustain a conviction. *Commonwealth v. Richardson*, 307 Pa.Super. 191, 452 A.2d 1379 (1982); *Commonwealth v. Slout*, 288 Pa.Super. 471, 432 A.2d 609 (1981). Similarly, while evidence was not sufficient to hold the defendant for trial on driving under the influence, the evidence that the underlying traffic offense charged could not be established did not prevent prosecution for homicide by vehicle, when it could be inferred that defendant was driving on the wrong side of the road when the accident occurred. *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 420 A.2d 647 (1980).

■ Thus while driving under the influence specifically presents special problems of proof, the fact that some degree of intoxication was present is relevant in considering whether the elements of related offenses have been established. We would hold that the observations of the officer and witness on the record and the evidence from the urinalysis and breathalyzer were sufficient to establish that the defendant was suffering from some degree of alcohol/drug intoxication. While evidence of drinking is alone insufficient to establish driving under the influence, *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986), it most certainly may be considered in determining whether

3. § 1547. Chemical test to determine amount of alcohol
   (e) Other evidence admissible.

the appellant was driving while consciously disregarding a substantial and unjustifiable risk of injury to others.[4] More specifically, the causal connection between the ingestion of alcohol with or after the use of drugs, capable of an enhancement effect beyond what either alone might produce, is culpable recklessness. It must be presumed that if appellant was ingesting secobarbital or amobarbital pursuant to a doctor's prescription, he had been informed of the danger of driving with such drugs in his system or taking alcohol in combination with the drugs. This alone was an act of intentional recklessness, and it is foreseeable by an ordinary person that driving an automobile under such circumstances would imperil the lives of others. The observations of the behavior of the appellant immediately before and after striking the victim supports the effect of substance on his behavior and establishes the nexus between the reckless behavior of ingestion and the subsequent serious injury to the victim.

■ The facts belie appellant's claim that he merely "lost control" of his automobile and clearly establish that the defendant, in driving his automobile after ingesting drugs and alcohol and in the manner in which he drove immediately prior to the accident, was driving in an intentionally reckless manner. *See Commonwealth v. Setsodi*, 303 Pa. Super. 482, 450 A.2d 29 (1982) (where intentional reckless operation of a car results in death, involuntary manslaughter conviction upheld). We find that although this is a case of first impression as it relates to aggravated assault with an automobile, the principles applied in involuntary manslaughter cases, when intentional recklessness is involved, would also apply here.

Judgment of sentence is affirmed.

4. In that case, the Supreme Court held, in reversing this Court, that the Superior Court erred in not looking at the Commonwealth's evidence in the aggregate. Instead, they chose to atomize the evidence, considering each piece in isolation without relation to the whole picture. Under *Griscavage* above, it is likely that appellant would have been found guilty of driving under the influence.