## Commonwealth *v.* Wilson, Appellant.

Submitted January 5, 1971. Before BELL, C. J.,
JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BAR-
BIERI, JJ.

118

*Harry L. Green, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* Executive Assistant District Attorney, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 12, 1971:

Appellant was sentenced in 1960 to imprisonment for a term of not less than five and not more than fifteen years after his conviction by a jury on a charge of arson. Subsequent to the verdict, a new trial motion was filed, but no appeal was taken from the judgment of sentence. In 1969, appellant filed a Post Conviction Hearing Act petition, as a result of which he

was granted leave to appeal nunc pro tunc. His appeal to the Superior Court resulted in an affirmance of the judgment of sentence by a divided court. Two of the dissenters in the Superior Court expressed the view that a new trial was required because of (1) the introduction of evidence of other crimes; (2) the introduction of evidence concerning another fire; and (3) allowing a police officer to testify as to appellant's sanity. The third dissenter agreed with the other two as to the impropriety of the introduction of evidence of other crimes. We granted allocatur and now we reverse.

The case involved the alleged arson by appellant of his former mother-in-law's home. On the day of the arson charged to appellant, a barn owned by the grandfather of appellant's former wife was burned. Nine Commonwealth witnesses testified that appellant had been observed near that fire. The Commonwealth seeks to justify the introduction of that testimony under the rule that evidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial.

We stated this rule in *Commonwealth v. Wable*, 382 Pa. 80, 114 A. 2d 334 (1955), as follows: "But it is also true that sometimes there exist the 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well established principle that evidence of other crimes *is* [emphasis in original] admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the com-

mission of the crime on trial,—in other words where there is such a logical connection between the crimes that *proof* [emphasis supplied] of one will naturally tend to show that the accused is the person who committed the other. A veritable multitude of authorities in our appellate courts enunciate, albeit in varying language, this familiar principle."

That rule, as stated in *Wable,* is perfectly good law, but it is simply not applicable to the instant case. There is no *proof* that appellant set fire to the grandfather's barn. There was no evidence that the fire at the grandfather's barn was incendiary in origin, nor was there any testimony that defendant had in any way had a hand in starting that fire, nor was he ever accused of it. The *Wable* statement is, therefore, inapposite and the testimony was undoubtedly tremendously damaging.

We are inclined to adopt the same view of this issue as that stated by Judge HOFFMAN in his dissenting opinion in the Superior Court, *Commonwealth v. Wilson,* 216 Pa. Superior Ct. 203, 263 A. 2d 762 (1970) : "Here, there is totally lacking any evidence to suggest that appellant was in the vicinity of his former mother-in-law's home when the fire was started. The introduction of testimony concerning the unrelated fire may be seen as an attempt to confuse the jury by implying that since he had been present at the second fire, he may well have been present at the first. Thus, the Commonwealth heaped innuendo upon innuendo without basis or justification."

In an effort to rebut psychiatric testimony presented by appellant which indicated a doubt as to his sanity, the Commonwealth asked a police officer: "Q. Now, from all that you observed, and in your exposure with the defendant, could you give an opinion as to his ability to know the nature and consequences of his

acts?" After the overruling of the defense's objection, the officer answered: "A. There was nothing to indicate this at the time."

When defense counsel, on cross-examination, attempted to show that the officer had no expertise in psychiatry, the court made the following statement: "Again, he is not concluding that the defendant is of sound mind. He is simply saying, as a layman and observing him, 'I saw nothing which indicated he was of unsound mind.'" The law is clear that a layman cannot render an opinion as to mental condition. He may, of course, state that his observation showed nothing unusual about the subject. Here, although the question clearly sought to elicit an opinion as to appellant's ability to understand the consequences of his actions, an opinion which the witness was incompetent to express, the answer was really not responsive to the question. That unresponsiveness coupled with the court's subsequent statement raises some doubt as to the prejudicial nature of the testimony. Since we conclude, however, that a new trial is required because of the improper introduction of evidence of another crime, we do not decide this issue. Nor do we consider or decide whether the testimony of appellant's former mother-in-law and his former wife that he had been in and out of jail, the clear implication of which was that he had committed other crimes, was so prejudicial as to have required the declaration of a mistrial rather than the giving of cautionary instructions to the jury.

Order reversed. Judgment of sentence reversed and new trial granted.