Commonwealth *v.* Stephany, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*A. Anthony Kilkuskie,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Berks County by the defendant-appellant, Daniel Raymond Stephany, after conviction of burglary, larceny,

receiving stolen goods and conspiracy; and from the denial of post-trial motions.

A residence in Perry Township, Berks County, was burglarized on April 1, 1971, between 7:45 a.m. and 2:50 p.m. At 8:30 a.m. on the same day, a 1959, blue Chevrolet automobile was seen by neighbors in the driveway of the victim's home. A young female was seen approaching the home from the automobile. Later that same day, another resident, who lived a few miles from the victim's home, saw a blue car with fins approach her home. The automobile contained two males and one female. The female approached the home but when the owner was seen by one of the occupants of the vehicle, the occupant warned the girl and the three departed in the automobile. On April 2, 1971, the defendant and another man were seen in Schuylkill County on a rural road by a milkman. A 1959, blue Chevrolet was parked along side the road near the two men. The two men stopped the milkman and purchased two quarts of milk which they paid for with three quarters, one of which was a silver coin. Among the fruits of the burglary were several collections of old coins. The milkman noted the license plate number, make, color and model of the vehicle. Later this same vehicle was found abandoned along the same road and a search of it revealed fruits of the April 1, 1971 burglary within it.

On April 1, 1971, the same day as the burglary, a 1959 blue Chrysler was found abandoned near Elkton, Maryland, and two days later was seen travelling south. On April 4, 1971, the automobile was found in Chesapeake City, Maryland. It was searched pursuant to a valid search warrant. The items found in the trunk were identified as having been removed from the burglarized premises. The stolen goods were discovered in the trunk of the defendant's car which was locked. The

sole key was in the possession of the defendant. Raymond Kline and Florence Farber who were in the company of the defendant on the trip to Maryland later admitted that they committed the burglary and tried to exonerate the defendant.

The defendant contends that the evidence of the Commonwealth was insufficient to sustain the guilty verdicts.

The usual rule as to the test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, or both, is whether, accepting as true all the evidence and reasonable inferences therefrom, upon which, if believed, the jury could properly base its verdict, it is sufficient in law to prove defendant's guilt beyond a reasonable doubt. A mere conflict of testimony does not render the evidence insufficient. *Commonwealth v. Rankin,* 441 Pa. 401, 272 A. 2d 886 (1971).

The defendant relies heavily on *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), which in turn relies on *Leary v. United States,* 395 U.S. 6, 89 S. Ct. 1532 (1969), and *Turner v. United States,* 396 U.S. 398, 90 S. Ct. 642 (1970), and in effect abrogates *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 206 A. 2d 43 (1965), which had held the rule to be that the unexplained possession by the defendant of property recently stolen is evidence that he is the thief and in the case of receiving stolen goods, the unexplained possession is evidence of the guilt of that crime. The *Owens* case, supra, held that the defendant's unexplained possession of recently stolen goods is not sufficient proof of his guilt without more.

However, it is the contention of the Commonwealth that *Owens,* supra, does not apply as there is considerably more than mere possession of the recently stolen goods. In *Commonwealth v. Davis,* 444 Pa. 11, 280 A.

2d 119 (1971), it was held that the Commonwealth must prove conscious control or dominion if it cannot prove actual possession. This burden of ownership and control was met by proof of the ownership of the car and the possession of the only key.

In *Commonwealth v. Russell*, 444 Pa. 4, 279 A. 2d 185 (1971), also relied on by the defendant, it was held that the presence of defendant's car near the home, without more, is not enough to find defendant's presence in the victim's home. However, it also held that the fact that the possibility of another's guilt has not been ruled out by the evidence of the presence of the appellant's car does not, of course, mean that the presence of the car cannot be used as a piece of evidence, linking the appellant to the crime. Each piece of evidence need not be proved beyond a reasonable doubt, but a series of facts proved add up to proof beyond a reasonable doubt. *Commonwealth v. Petrisko*, 442 Pa. 575, 275 A. 2d 46 (1971).

In the instant case, the defendant was driving an automobile owned by him soon after the robbery. A search of the car disclosed that items specifically identified as belonging to the victim were in the trunk of the car, the trunk was locked and the only key to it was in the possession of the defendant. Defendant was also seen in the company of another male, on a rural road in the county adjoining that in which the burglary was committed, on the day after the burglary. At this time the defendant was seen with a 1959, blue Chevrolet which later was found to contain fruits of the burglary. Defendant had made purchases with silver coins and it was determined that such coins had been taken in the burglary. While it may be that none of these facts, standing alone, would be enough to convict, we are of the opinion that, taken together, they add up to enough evidence to enable a jury to determine that the defendant was guilty of the offenses charged.

As Judge HESS of the court below stated:

". . . The case of the Commonwealth rests solely on circumstantial evidence. The defendant took the stand and denied any participation in the alleged burglary, and denied knowledge of the alleged stolen property.

"For the defendant, Kline testified and claimed he was solely involved in the burglary, and that Stephany had nothing to do with it.

"It is interesting to note that the testimony of Kline was given after he had pled guilty to receiving stolen goods, and the Commonwealth agreed to dismiss the burglary count as to him.

"It is obvious that there were numerous questions of credibility for the jury and the verdict has determined the conflicts in favor of the Commonwealth. The jury may have accepted the fact that Kline was involved in the burglary, as he testified, but, of course, was free to not accept his testimony that Stephany was innocent and not involved.

"Under the evidence, the jury could find that, in fact, a burglary by someone had occurred, and that at least, on the day following the burglary, Stephany and another man were observed within 30 miles of the scene, near a car, which was later taken into custody by the state police as abandoned. Stephany flatly denied the testimony of the Witness Miller, in this respect.

"The important testimony of the Commonwealth relates to the stolen property found in Maryland, several days after the burglary, in the defendant's car, which, according to the testimony of one of the police officers from Maryland, the defendant was observed to be operating, prior to the time it was abandoned.

"In the case before us, there is evidence that the car was being driven by the defendant, himself, in Maryland, several days after the alleged burglary. In Schulhoff, an automobile was not involved, but the

right of possession was involved and it appeared that defendant and another were co-tenants and both present, at the time of the search, with other persons.

"We are completely satisfied that in this case, the possession of the stolen property, several days after the alleged burglary, along with the other evidence referred to, clearly warrants a jury in finding a verdict of guilty of burglary, larceny and conspiracy. The explanation submitted by Kline was not believed by the jury nor by the Trial Judge, and we are completely satisfied that the defendant would perhaps have faired better at the hands of the jury, had he called no witness and had not testified, himself."

Judgment of sentence affirmed.