## Commonwealth v. Terriere

*Murray Mackson, First Assistant District Attorney,* for Commonwealth.

*Thomas S. McCready,* for defendant.

HEIMBACH, P. J., December 23, 1975— Through a series of regrettable delays this matter came on for our determination a few days ago.

The history of the case summarized is as follows:

Defendant was found guilty by a jury of the theft of five to seven hundred feet of copper wire which was removed from Pennsylvania Power & Light towers situate along its right-of-way adjacent to the road from Tresckow to McAdoo. Defendant within due course filed motions in arrest of judgment and for a new trial, stating a number of reasons that the conviction, being circumstantial and based wholly on inferences, suspicion and conjecture, may not stand, citing Commonwealth v. Townsend, 428 Pa. 281, 237 A. 2d 192 (1968).

We agree with the following statement in the Commonwealth's brief, viz.:

"The usual rule as to the test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, or both, is whether, accepting as true all of the evidence and reasonable inferences therefrom, upon which, if believed, the jury could properly base its verdict, it is sufficient in law to prove defendant's guilt beyond a reasonable doubt. A mere conflict of testimony does not render the evidence insufficient. Commonwealth v. Stephany, 228 Pa. Superior Ct. 184, 323 A. 2d 368 (1974); Commonwealth v. Rankin, 441 Pa. 401, 272 A. 2d 886 (1971). In general, the grant of a new trial on the ground that the verdict is against the weight of the evidence is committed to the sound discretion of the trial court. Commonwealth v. Moyer, 334 A. 2d 764 (1975). When used to test the sufficiency of the evidence, the motions in arrest of judgment and for a new trial must be predicated upon the assumption that the Commonwealth's evidence was correct and the prosecution is entitled to all reasonable inferences therefrom. Commonwealth v. Portalatin, 223 Pa. Superior Ct.

33, 297 A. 2d 144 (1972). Moreover, where the issue before the jury is one of credibility, the Court will not substitute its judgment for that of the jury. Commonwealth v. Pokrandt, 70 Schuylkill L. R. 78 (1974). For a verdict to be against the weight of the evidence, the verdict must be so contrary to the evidence as to shock one's sense of justice and make the awarding of a new trial imperative. Commonwealth v. Mahodil, 46 Northumberland L. J. 1 (1973). A defendant is not entitled to an acquittal or a new trial on the theory that circumstantial evidence offered by the Commonwealth was indicative of innocence as well as guilt. U. S. v. Kane, 319 F. Supp. 527, affirmed 433 F. 2d 337 (D.C. Pa. 170).

". . .

". . . It has often been held by the appellate courts in Pennsylvania that in a criminal prosecution, evidence is sufficient to warrant a conviction where the circumstances proved are such as reasonably and naturally justify an inference of guilt and are of such volume and quality as to overcome the presumption of innocence and to satisfy the factfinder of the accused's guilt beyond a reasonable doubt. Commonwealth v. Parsons, 233 Pa. Superior Ct. 419, 335 A. 2d 800."

We likewise accept the Commonwealth's statement in its brief as a fair summary of the favorable evidence produced at trial, viz.:

Viewing the evidence in the light most favorable to the Commonwealth, it may be summarized as follows: On May 11, 1974, at or about 10:15 p.m., a P P & L dispatcher received a signal light signifying that there was an open or broken point somewhere in the Harwood-Hauto three-phase de-energized electric line which provided service be-

tween Harwood and Hauto. The dispatcher called the police, who immediately proceeded to the scene of the broken wire.

When the State Police and employes of P P & L arrived at the scene they found wire hanging down from a tower to the ground, a large quantity of wire had been cut from the tower and wire was missing between two A-frame towers. A Cadillac automobile registered in the name of defendant was found at the scene on P P & L's right-of-way. The State Police looked into the opened trunk of the car and found approximately 500 to 700 feet of wire which had been cut from the tower in the trunk. Also found in the trunk was a wire reel upon which wire is reeled and stored, and climbers, which is a combination of safety and body belt used to climb a tower and to protect one's body so that his arms are free to work. Upon further investigation, the State Police found the keys in the ignition, and bolt cutters with red and black handles lying on the ground in the right-of-way next to the wire which was on the ground. The bolt cutters were lying approximately 50 feet from the front of the car. On the left front of the hood of the car the police found a thermos bottle and a hack saw was found either in the back seat or on the floor in the back of the car. Also, a pair of white workingman's gloves was found in the back of the car. Defendant did not report the car missing or stolen until May 13, 1974, when he told the McAdoo police that his car "seems to be missing." A Mr. Salazer testified that he worked at Zeiner's Gas Station on Saturday, May 11, 1974, and he saw defendant drive his white Cadillac into the gas station at approximately 8:30 P.M. Defendant testified that he lived approximately one mile from the scene of the theft

and that at 9:00 p.m. on the evening of the theft he drove his car to a cemetery, which was approximately one mile from the site of the theft, and that was the last thing he remembered until he woke up the next morning in his brother-in-law's car. Defendant testified that he did not lose consciousness but that his mind blacked out, that he did not remember anybody taking the car from him, and that no one else had a set of keys because there was only one set of keys to the car. Defendant also testified that he did use wire cutters with red and black handles similar to those found at the scene to put up a backyard fence, but they were a short pair, approximately 12 inches long, and belonged to his brother-in-law. Defendant did not produce these wire cutters nor offered any reason for not producing them.

Defendant relies on Commonwealth v. Walker, 428 Pa. 244, 236 A. 2d 765 (1968), as being a case almost directly on point. In such case two masked men went into a store and robbed the proprietor of $200. One of the men hit the proprietor, causing him to bleed. A bystander, having seen two men coming out of the store and get into a white car, took down the license number on the car. It was subsequently determined that defendant was the owner of the automobile bearing the license number taken down by the bystander.

No one was able to identify the two men. About four hours later defendant went up to a policeman and indicated that he had heard his car was involved with the police and wanted to know if that was true. When he learned of the incident defendant could not explain how the robbers had obtained his car if he was not with them.

The court in discharging defendant on his motion in arrest of judgment stated:

"The only admissible evidence to prove Walker's guilt was the fact that his automobile was used by the robbers in their get-away and that three of his dollar bills was bloodstained. There is no testimony or evidence by any of the eyewitnesses or bystanders which in any way connects Walker to the crime or crimes and proves his guilt beyond a reasonable doubt. Considering all the evidence in this case, circumstantial and otherwise, in the light most favorable to the Commonwealth, we are convinced that the Commonwealth failed to prove defendant's guilt beyond a reasonable doubt. . . ."

We adopt the Commonwealth's answer to defendant's contention with but minor changes in disposing of defendant's motion, viz.:

This case is not governed by Commonwealth v. Walker, because in Walker there was no evidence whatsoever which connected Walker to the crime. On the contrary, in this case, defendant was connected to the theft of the wire because his car containing the stolen wire and instruments used to cut the wire was found at the scene. An eyewitness placed defendant driving his car into a gas station approximately one mile from the scene of the crime less than two hours prior to the time that the crime was committed. Defendant testified that less than an hour and a half from the time the theft was committed he drove his car to a cemetery which was approximately one mile from the site of the theft, and remembers nothing until he woke up the next morning. However, he further testified that he did not lose consciousness, although he thinks his mind blacked out. He did not remember anyone taking the car from him or using it because he had the only set of keys in his possession.

The circumstantial evidence in this case is similar to the evidence presented in Commonwealth v.

Stephany, 228 Pa. Superior Ct. 184, 323 A. 2d 368 (1974). In that case defendant was convicted of burglary, larceny, receiving stolen goods and conspiracy, after which he appealed from the denial of post-trial motions. In affirming the conviction, the Superior Court held the evidence that some of the stolen items were found in the locked trunk of defendant's automobile and that the only key to the trunk was in the possession of defendant was sufficient to prove defendant's guilt. Defendant in Stephany also relied upon Commonwealth v. Russell, 444 Pa. 4, 279 A. 2d 185 (1971), which held that the presence of defendant's car near the home, without more, is not sufficient to find defendant's presence in the victim's home. However, in Russell it was also held that the fact that the possibility of another's guilt has not been ruled out by the evidence of the presence of the appellant's car does not, of course, mean that the presence of the car cannot be used as a piece of evidence linking appellant to the crime. Each piece of evidence need not be proved beyond a reasonable doubt, but a series of facts proved add up to the proof beyond a reasonable doubt: Commonwealth v. Petrisko, 442 Pa. 575, 275 A. 2d 46 (1971).

In subject case, as in Stephany, supra, the stolen property was found in the trunk of defendant's car and defendant had the only key to the trunk. Therefore, it may be logically argued that defendant had dominion and control over his vehicle and the contents therein. This being so, the evidence of defendant's possession of the stolen wire, considered with all the evidence in the case, may justify the inference defendant is the one who stole it: Commonwealth v. Simmons, 233 Pa. Superior Ct. 547, 336 A. 2d 624 (1975). All of the evidence of surrounding circumstances in this case was con-

sidered by the jury in arriving at a finding that defendant was the thief and defendant's conviction may be based upon circumstantial evidence alone, provided the evidence meets the standard of proof beyond a reasonable doubt: Commonwealth v. Shaffer, 447 Pa. 91, 288 A. 2d 727 (1972), cert. denied, 409 U. S. 867, 93 S. Ct. 164, 34 L. Ed. 2d 116 (1972); Commonwealth v. Simmons, supra; although possession of recently stolen goods with little or no other evidence no longer raises any inference from which guilt may be found: Commonwealth v. Henderson, 451 Pa. 452, 304 A. 2d 154 (1973).

For the reasons stated we find there was ample evidence for the jury to find defendant guilty as charged beyond a reasonable doubt. Wherefore we enter the following

## ORDER

Now, December 23, 1975, defendant's motion in arrest of judgment or for a new trial is dismissed and he is directed to appear for sentence at the call of the District Attorney.