429 A.2d 1171

COMMONWEALTH of Pennsylvania,

v.

Robert Lawrence DOLAN, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed May 15, 1981.

Irving M. Green, New Kensington, for appellant.

David B. Wasson, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant was convicted of arson [1] and theft by deception [2] before a jury. Post-conviction motions were filed and denied. Dolan raises several issues on appeal all related to the sufficiency of the evidence. We affirm.

This appeal arises out of the following facts. Dolan was the owner of a 1976 Ford LTD automobile. On October 9, 1978, he reported his automobile stolen. This information, according to the appellant, was conveyed to the police by telephone from a pay phone at a mall in Greensburg, Pennsylvania. The State Police located Dolan's automobile on October 10, 1978 on a dirt road off of Donahue Road in Unity Township, Pennsylvania, which is several miles from the mall in Greensburg.

When the police found the appellant's car, its interior was badly burned; specifically, the front seat was burned. During their investigation, the police discovered an empty can of charcoal lighter fluid within 20 feet of the automobile. The police also determined that the car's ignition had not been forcibly turned and that the doors were locked with no sign

1. 18 Pa.C.S.A. § 3301(b)(3).

2. 18 Pa.C.S.A. § 3922.

of unauthorized entry. Some time later, the police ascertained that the appellant had the keys to his car in his possession.

During preliminary discussions with the appellant, the police determined that Dolan needed a ride home from the mall after he discovered his car had been stolen. Appellant resides with his parents three miles from the mall in Hempfield Township; and at the time Dolan's car was reported stolen, his parents were at home and could pick him up with their automobile. Nevertheless, appellant sought the assistance of a friend, who was also a business associate, who lived in Latrobe, ten miles from the mall, in the opposite direction from his parents' home.

Therefore, appellant's associate traveled from his home 13 miles to Dolan's home. The record discloses that appellant's associate needed to drive down Donahue Road, past here appellant's burnt automobile was found, to get to the mall to pick up Dolan.

The police investigation also determined that the appellant's automobile was being paid on time at a rate over $75 per month more than the rate at which appellant was able to finance the automobile he bought to replace the automobile which was destroyed. Further, evidence indicated appellant's old car was very large with very poor gas mileage, while his replacement vehicle was an economy car.

At trial, the Commonwealth submitted evidence that the charcoal lighter fluid can had fingerprints of the appellant on it and that those fingerprints were the ones most recently applied to the can. The expert also said there were unidentifiable prints on the can which appeared older and which may or may not have been appellant's. Dolan denied ever owning the charcoal lighter fluid or having anything to do with the fluid.

Dolan demonstrated at trial, through the use of a defense witness, that the police could have, but did not prove that the fire in the front seat of appellant's car was caused by the ignition of charcoal lighter fluid. And, secondly, Dolan presented several witnesses who testified that he used his

car as a second home. He had clothing, trash, job related papers, and untold other items piled in his car at all times. A witness said that to sit in Dolan's car, passengers were forced to move his possessions to a corner of the automobile to make room to sit. Thus, they claimed Dolan frequently did not know what was randomly thrown into his car and quite probably would have had no idea that he had charcoal lighter fluid in his automobile. When the car was found by the police, there also were shirts and other articles found in it.

The fact finder inferred from these circumstantial facts that appellant had set fire to his car in order to collect insurance proceeds with which he could purchase a less financially burdensome vehicle. The appellant proclaims that these facts were insufficient upon which to rest a guilty verdict. Furthermore, he claims the trial court lacked sufficient evidence to prove the fire was of an incendiary nature, and that the charcoal lighter fluid should not have been admitted into evidence. Accordingly, he claims the court erred in submitting the case to the jury without sufficient evidence that he deliberately caused the fire. Finally, the appellant asserts that because the Commonwealth failed to prove he caused the fire, he could not be convicted of theft by deception.

Clearly, all of the issues disputed by the appellant depend upon the sufficiency of the evidence presented at trial. His specific contentions will be addressed and will flow from our discussion of the sufficiency of the evidence.

The test for review of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, or both, is whether, accepting as true all the evidence and reasonable inferences therefrom, upon which, if believed, the jury could properly base its verdict, is sufficient in law to prove defendant's guilt beyond a reasonable doubt. A mere conflict of testimony does not render the evidence insufficient. *Commonwealth v. Rankin*, 441 Pa. 401, 272 A.2d 886 (1971); *Commonwealth v. Stephany*, 228 Pa.Super. 184, 187, 323 A.2d 368, 369 (1974); *Commonwealth v. Sero*, 478 Pa. 440, 387 A.2d 63 (1978).

■ A conviction for arson requires that the Commonwealth establish three facts: "(1) that there was a fire; (2) that it was of an incendiary origin; and (3) that the defendant was the guilty party." *Commonwealth v. Colon*, 264 Pa.Super. 314, 325, 399 A.2d 1068, 1073 (1979); *Commonwealth v. Leslie*, 424 Pa. 331, 227 A.2d 900 (1967); *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A.2d 435 (1956); *Commonwealth v. Pogach*, 119 Pa.Super. 510, 180 A. 126 (1935). The first of these elements is self-evident in the record.

■ The Commonwealth argues that the fact that the fire occurred in the front seat of the automobile indicates that it must have been of an incendiary nature. Logically, a fire in an automobile would start in the engine or trunk or dashboard because of the existence of gasoline or electrical wiring in those areas. There is nothing, so the Commonwealth argues, in the front seat which could cause a fire. We hold that when the evidence is viewed in a light most favorable to the Commonwealth that the fire was incendiary in nature.

Finally, the Commonwealth must prove that the appellant was the guilty party. The Commonwealth argues that the conspicuous presence of the charcoal lighter fluid can within 20 feet of the car, the fact that fingerprints of the appellant were found on the can, the fact that Dolan's associate would have driven past the site where the car was found, the advantage to appellant in ridding himself of a "gas hog" and enabling himself to purchase an "economy car" with the collected insurance proceeds, and that his new car would cost less money per month than his old one, comprises sufficient circumstantial evidence to satisfy a finding of appellant's guilt.

Appellant presented testimony that he had no connection with the charcoal lighter fluid can. This evidence was clearly controverted by the Commonwealth's expert who testified as to fingerprints on the can. Then, Dolan presented witnesses who described the condition of the interior of his car, that appellant threw many of his possessions into the back of his car, and that he may very well not have known charcoal lighter fluid was in his car. However, the finger-

print expert testified that the most recent fingerprints on the can were clearly those of the appellant. We hold that the fact finder could reasonably infer from these facts that the appellant was guilty.

In *Commonwealth v. Carthon,* 467 Pa. 73, 354 A.2d 557 (1976), the appellant was charged with arson. The Commonwealth presented an expert witness who testified that the fire was caused by gasoline on the living room floor. The expert stated that the fire was incendiary in nature but had the gasoline merely been spilled on the floor, presumably by accident, that it could have been ignited by static electricity. He also said a burning cigarette could have fallen to the floor igniting the gasoline. The court held that under those circumstances, there was insufficient evidence to prove Carthon's guilt.

In *Commonwealth v. Colon,* supra, Colon was convicted of arson, and we stated that there was sufficient evidence to prove Colon's guilt. We said:

> Instantly, Gloria testified that on numerous occasions appellant threatened to burn the house down, and on the day of the blaze, Juanita Gonzales overheard appellant state that he was going to leave the block on fire ... This is all consistent with appellant's guilt.

Id., 264 Pa.Super. at 325–326, 399 A.2d at 1073–1074.

The instant case is caught between the facts in *Commonwealth v. Carthon,* supra, and *Commonwealth v. Colon,* supra. The appellant does not have evidence provided by expert testimony which is directly conflicting with proof of his guilt beyond a reasonable doubt. Nor, does the Commonwealth have any evidence of prospective threats by the appellant to burn his car. However, the Commonwealth did present extensive circumstantial evidence, all pointing to appellant's guilt.

Dolan responds to the Commonwealth's case by remonstrating that the Commonwealth is merely casting innuendo upon innuendo in an effort to prove his guilt. In *Commonwealth v. Wilson,* 444 Pa. 117, 281 A.2d 864 (1971), our Supreme Court stated:

We are inclined to adopt the same view of this issue as that stated by Judge Hoffman in his dissenting opinion in the Superior Court, *Commonwealth v. Wilson*, 216 Pa.Super. 203, 263 A.2d 762 (1970): "Here there is totally lacking any evidence to suggest that appellant was in the vicinity of his former mother-in-law's home when the fire was started. The introduction of testimony concerning the unrelated fire may be seen as an attempt to confuse the jury by implying that since he had been present at the second fire, he may well have been present at the first. Thus the Commonwealth heaped innuendo upon innuendo without basis or justification." Id., 444 Pa. at 120, 281 A.2d at 865.

In the instant case, there was evidence that appellant's associate would have to drive past where the car was found by the police to pick him up at the mall. Secondly, the appellant's fingerprints were found on the can of charcoal lighter fluid. Thirdly, the charcoal lighter fluid was discovered within 20 feet of a car which had its front seat burned by a fire of incendiary nature. Thus, the only remaining question becomes, whether the Commonwealth's evidence when viewed in a light most favorable to the Commonwealth, with the knowledge that the police could have, but did not test the burned seat to determine whether the fire was started by charcoal lighter fluid, presented innuendo upon innuendo. The only potential innuendo upon innuendo arises out of these facts. That is to say the evidence locating the appellant with the car at or about the time of the fire is speculated from the path his associate would have to have driven to get to the mall. And, secondly, location of the can points to a fire caused at the hand of the appellant who was using charcoal lighter fluid. We do not agree.

We discussed the significance of evidence of fingerprints in *Commonwealth v. Cichy*, 227 Pa.Super. 480, 483–485, 323 A.2d 817, 818–819 (1974), where we stated:

Although we recognized the accuracy of fingerprint evidence for purposes of identification, the probative value of that evidence depends entirely on the circumstances of

each case. Unless those circumstances are such that the fingerprint could only have been impressed at the time and place the crime was committed, such evidence is insufficient to sustain a conviction.

Convictions have been sustained where fresh fingerprints are found at the place of illegal entry to private burglarized premises where a defendant's presence is unexplained. See: *McCargo v. State*, 3 Md.App. 646, 241 A.2d 161 (1968); *United States v. Butler*, 390 F.2d 620 (4th Cir. 1968); *People v. Taylor,*, 32 Ill.2d 165, 204 N.E.2d 734 (1965); *State v. Pittman*, 10 N.C.App. 508, 179 S.E.2d 198 (1971); *State v. Allen*, 420 S.W.2d 330 (Mo.1967); see, generally, Annotation, 28 A.L.R.2d 1115. However, the mere discovery of prints in a public place with which a number of people may have had innocent contact is insufficient by itself to convict. *State v. Minton*, 228 N.C. 518, 46 S.E.2d 296 (1948); *Anthony v. State*, 85 Ga.App. 119, 68 S.E.2d 150 (1951); *Mclain v. State*, 198 Miss. 831, 24 So.2d 15 (1945); *Graves v. State*, 119 Tex.Cr.App. 68, 43 S.W.2d 953 (1931).

Similarly, where the prints are found in a place accessible only by the application of force or on objects with which the defendant could not have had legitimate contact, that evidence has been held sufficient. *United States ex rel. Chiarello v. Mancusi*, 288 F.Supp. 178 (D.C. N.Y.1968) (defendant's fingerprint on inner casing of cigarette machine to which only vending machine serviceman had access); *State v. McGriff*, 7 Ariz.App. 498, 441 P.2d 264 (1968) (print on inner mechanism of public telephone which had been opened by force); *United States v. Jones*, 433 F.2d 1107 (D.C.Cir.1970) (prints on coin box from forcibly opened laundry machine); *State v. Killian*, 13 N.C.App. 340, 185 S.E.2d 452 (1971) (prints on manicure box in burglarized home); *Correll v. State*, 475 S.W.2d 209 (Tenn.1971) (prints on vending machine cannister); *Silva v. People* [170 Colo. 152] 459 P.2d 285 (Colo.1969) (prints on coinbox from cigarette machine).

However, if the prints are discovered on an object that is readily *movable* and *in common usage*, the possibility of

innocent contact is too great to sustain a conviction on that evidence alone. *United States v. Collon*, 426 F.2d 939 (6th Cir. 1970) (prints found on map in getaway car); *United States v. Corso*, 439 F.2d 956 (4th Cir. 1971) (prints on matchbook cover used to jam lock for burglary).

If the Commonwealth's expert can establish that the prints were impressed at or about the time the crime was committed or other circumstances indicate impression at that time, and the defendant's innocent presence is excluded, such evidence has been held sufficient to convict. *Miller v. State*, 122 Ga.App. 553, 177 S.E.2d 838 (1970); *Hervey v. People* [178 Colo. 38] 495 P.2d 204 (Colo.1972); *Hack v. Commonwealth*, 433 S.W.2d 877 (Ky.App.1968); *Hannah v. State*, 3 Md.App. 325, 239 A.2d 124 (1968). On the other hand, the evidence loses all probative value if the time of impression is not reasonably limited to the time of the crime, and the prints found in a generally accessible location. *United States v. Nazarok*, 330 F.Supp. 1054 (E.D.Pa.1971); *Wilkerson v. State*, 232 So.2d 217 (Fla.App.1970); *Williams v. Commonwealth*, 212 Va. 818, 188 S.E.2d 79 (1972).

The record discloses that appellant and a friend visited the station on at least one occasion before the date of burglary. No prints were found near the point of entry or on the cigarette machine. There was no evidence that any cigarettes were taken from the machine, that there were Marlboro cigarettes in it, or that the particular package was in the machine. In addition, the owners discovered the package on the floor lodged between the machine and the wall and neither could state that it was not there prior to the burglary. The Commonwealth's expert did not offer an opinion as to when the print was impressed.

On these facts, we conclude that the Commonwealth failed to establish appellant's guilt beyond a reasonable doubt. The discovery of the print on a movable object in a public place was insufficient to establish his presence at the scene of the crime at the time it was committed.

In the instant case, the charcoal lighter fluid can was easily movable but was *not* in a public place. The prints

were identified as recent and those belonging to the appellant. Thus, the Commonwealth successfully established the appellant's presence at the scene of the crime.

We hold that this circumstantial fact when viewed in conjunction with all of the circumstantial evidence presented in the case was sufficient for the jury to reasonably infer that the fire was caused by ignition of charcoal lighter fluid and that Dolan was therefore guilty of arson.[3]

Clearly, our holding precludes the necessity for any discussion of other issues. The court was presented sufficient evidence to send the case to the jury. The charcoal lighter fluid can was properly admitted into evidence. It was clearly established to be relevant and probative of the Commonwealth's case. And, finally, we hold that the theft by deception conviction was supported by sufficient evidence that the appellant was guilty of arson. Accordingly, the judgment of sentence is affirmed.

---

3. Clearly, the Commonwealth's case would be stronger had the police done tests within their field of research capabilities to determine whether the front seat was set afire with charcoal lighter fluid. Nevertheless we hold that all the circumstantial evidence when viewed in light of the entire record was sufficient to convict Dolan. *Commonwealth v. Colon,* supra; *Commonwealth v. Leslie,* supra.