575 A.2d 633

**COMMONWEALTH of Pennsylvania**

v.

**James B. NESBIT, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1990.

Filed June 1, 1990.

Petition for Allowance of Appeal
Denied Oct. 17, 1990.

Thomas A. Thornton, Harrisburg, for appellant.

John G. Gabriel, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before CIRILLO, President Judge and BECK and HESTER, JJ.

HESTER, Judge:

James Nesbit appeals from the May 16, 1989 judgment of sentence to pay the costs of prosecution imposed following his conviction of forty-three counts of violating the Medicaid Fraud and Abuse Act and forty-three counts of violating The Dental Law, 63 P.S. §§ 120, *et seq.*[1] We affirm.

Appellant is a dentist who for the past decade has operated a dental practice dedicated to serving the disadvantaged residents of a poor neighborhood in Harrisburg. Most of appellant's patients are public assistance recipients for whom the Department of Public Welfare pays for dental services.

After initiating an inquiry into a substandard service complaint received against appellant,[2] the Pennsylvania Attorney General's Office discovered that appellant had employed unlicensed individuals to perform dental services which must be performed by licensed personnel and that appellant submitted invoices to the Department of Public Welfare for the performance of those services. The total amount billed to the Welfare Department by appellant for

---

1. We note that on June 14, 1989, the Commonwealth's motion for reconsideration of sentence was granted, and the court amended its sentence to include the payment of restitution in the amount of $586.00.

2. The substandard service complaint received against appellant was ultimately determined to be without merit.

the services provided by unlicensed personnel was $586.00 over a six-year period. Appellant was charged with one hundred and sixty counts of medicaid fraud and forty-three violations of The Dental Law. A jury trial was held December 5 to 9, 1988, where the following evidence was presented.

Two of the three individuals employed by appellant as dental assistants testified during the trial that they performed a prophylaxis service on thirty-seven of appellant's patients identified in the criminal information. They also stated that appellant did not perform any part of the prophylaxis service on those patients to the best of their recollection.

The prosecution also produced two expert witnesses, both dentists, who testified that the service performed by and described at trial by appellant's dental assistants was indeed a prophylaxis service. They stated that such a procedure must be performed by either a licensed dental hygienist or dentist according to a regulation of the Dental Council and Examination Board ("Board") set forth at 49 Pa.Code § 33.201 and section 10 of The Dental Law, 63 P.S. § 129(e). The Commonwealth also established that none of the three dental assistants was licensed as either a dental hygienist or a dentist.

Following the close of the evidence, the jury convicted appellant of forty-three of the charges of medicaid fraud and all forty-three violations of The Dental Law. Timely post-trial motions were filed and then denied. This appeal followed.

Appellant argues first that The Dental Law is unconstitutionally vague in its definition of the duties reserved for performance by licensed hygienists. Appellant contends that the language of the statute does not delineate whether the duty of cleaning teeth above and below the gum line is reserved exclusively for a licensed dental hygienist or whether an unlicensed practitioner, for instance, may perform a portion of the hygienist's functions.

Appellant was convicted of violating section 10 of The Dental Law, 63 P.S. § 129(e), which provides as follows:

(e) It is unlawful for a person practicing dentistry to employ a person as a dental hygienist unless such person is licensed as a dental hygienist as required by this act and the rules and regulations of the board.

A dental hygienist is defined in section 1 of The Dental Law, 63 P.S. § 121, as follows:

One who is legally licensed as such by the said Dental Council and Examining Board to perform those educational, preventive, and therapeutic services and procedures that licensed dental hygienists are educated to perform. Licensed dentists may assign to their employed dental hygienists intra-oral procedures which the hygienists have been educated to perform and which require their professional competence and skill but which do not require the professional competence and skill of the employer-dentist. Such assignments shall be under the supervision of a licensed dentist.... The board shall issue rules setting forth the necessary education and defining the procedures that may be performed by dental hygienists licensed under this Act including those procedures that may be performed under direct and general supervision.

(Footnote omitted). The Board defines the procedures which a dental hygienist may perform.

*Dental hygienist* —One who is legally licensed as such by the Board to remove tartar, deposits, accretions, and stains from the exposed surfaces of the teeth and directly beneath the free margin of the gums and to make application of medicaments as defined and approved by the Board to the exposed surfaces of the teeth for the prevention of dental caries, in the office of a dentist, in any public or private institutions ... or in state health care under the general supervision of a licensed and registered dentist.

49 Pa.Code § 33.201.

Scaling, root planing, polishing, or any other procedure required to remove tartar deposits, accretions, and stains

from the exposed surfaces of the teeth and directly below the free margin of the gums shall be performed by a licensed and registered dentist or dental hygienist.

49 Pa.Code § 33.214.

■ The role of an unlicensed dental assistant, or "auxiliary" according to the regulations, is not defined by the statute. Section 33.41 of title 49 of the Pennsylvania Code sets forth the following as the permitted functions for an auxiliary:

(a) A legally licensed and registered dentist may delegate to competent auxiliary personnel those procedures for which the dentist exercises direct supervision and full responsibility, except as follows:

(1) Those procedures which require professional judgment and skill such as diagnosis and treatment planning and the cutting of hard or soft tissues, or both, or any intra-oral procedure which would lead to the fabrication of an appliance which when worn by the patient, would come in direct contact with hard or soft tissue and which could result in tissue irritation or injury.

(2) *Those procedures allocated by the Act to registered dental hygienists.*

(Emphasis added). Thus, it is clear that the unlicensed dental assistant or auxiliary may *not* perform procedures reserved for the professional expertise of dentists or hygienists.

■ A vagueness challenge to a statute may be presented in one of two ways: (1) the statute is vague on its face, measured against hypothetical conduct that the language could arguably embrace (facial vagueness) or (2) the language is vague regarding the particular conduct of the individual challenging the statute (vagueness-as-applied). *Oppenheim v. Commonwealth,* 74 Pa.Cmwlth. 200, 459 A.2d 1308 (1983). Absent the assertion of an infringement of first amendment freedoms, however, the specificity of a statute must be measured against the conduct in which the party challenging the statute has engaged. *Common-*

*wealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976). Since appellant has not claimed a first amendment infringement, we will consider his argument a vagueness-as-applied challenge to The Dental Law.

The Dental Law is undoubtedly a penal statute. *Snell v. Commonwealth,* 490 Pa. 277, 416 A.2d 468 (1980). In *Commonwealth v. Heinbaugh, supra,* the supreme court set forth the standard by which a penal statute must be evaluated in a void-for-vagueness challenge. The court stated that the terms of such a statute must be "sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Id.,* 467 Pa. at 5, 354 A.2d at 246. The court continued, "Statutes challenged on the ground of vagueness are not, however, to be tested against paradigms of legislative draftmanship.... Rather the requirements of due process are satisfied if the statute in question contains reasonable standards to guide prospective conduct." *Id.,* 467 Pa. at 6, 354 A.2d at 246.

A vagueness claim to the same provision of The Dental Law which appellant violated was addressed by the Pennsylvania Commonwealth Court in *Oppenheim v. Commonwealth, supra.* Though the court in *Oppenheim* was presented with a challenge to the same statute and regulations as appellant herein attacks, it actually addressed a portion of the regulations in which the Board was silent as to the definition of a term of art, medicament. The court held that a failure to define medicaments did not unconstitutionally jeopardize the parties' right to adequate notice. More importantly to the instant appeal, however, the court also found that the regulations concerning the duties which auxiliary personnel are prohibited from performing are sufficiently clear. *Id.,* 74 Pa.Cmwlth. at 213, 459 A.2d at 1315. The court stated that "[t]he dental law addresses a specific audience of professionals who must be held to a standard consonant with their training and expertise." *Id.,* 72 Pa.Cmwlth. at 213, 459 A.2d at 1315. The court further advised that if a person was unsure about the dividing line

between permissible and impermissible auxiliary duties, he should consult the Board.

Thus, the very provision of The Dental Law challenged by appellant in his void-for-vagueness argument has been upheld by our commonwealth court. The regulation promulgated by the Board which defines the duties reserved to a licensed hygienist was held to be adequately specific. A dentist clearly violates The Dental Law when he employs an unlicensed assistant to perform those duties expressly reserved for licensed personnel or dentist.

Further, appellant's argument that the assistants did not perform a complete prophylaxis on the patients and therefore did not engage in the duties reserved for licensed hygienists is contradicted by the sworn testimony of the assistants themselves. They stated that they did clean teeth below the gum line when necessary. Notes of Testimony ("N.T."), 12/6/88, at 186, 192, 285. Consequently, we find appellant's vagueness claim to be without merit.

Appellant next contends that the trial court erred in denying him the opportunity to have an attorney present evidence regarding appellant's state of mind. Appellant states that the evidence he was precluded from presenting was the testimony of an attorney who appellant consulted regarding the nature of duties which legally could be assigned to unlicensed personnel in his office. Appellant argues that the state of mind of the accused is a material element to an offense involving criminal intent which, he notes, the Commonwealth must prove beyond a reasonable doubt.

Appellant raised the same issue with the trial court in his post-trial motions. The trial court rejected his argument, ruling that since appellant was provided with a full opportunity to present the same evidence at trial through his own testimony, his state of mind at the time the offenses were committed was adequately presented to the jury.

We concur with the trial court's determination. According to the notes of testimony, appellant did testify regard-

ing his attempt to acquire a proper interpretation of the regulations concerning duties of auxiliary personnel. In our view, however, his was the only testimony on the subject which was relevant. The attorney's opinion rendered to appellant as to how the regulation should be interpreted would have been at best, irrelevant, since he was not qualified to offer an opinion on how his advice affected appellant's state of mind and at worst, prejudicial. Providing guidance as to how the law should be applied to the facts and evidence presented during the trial is the function of the court alone, not an unqualified witness.

Furthermore, a review of the evidence clearly establishes that the evidence regarding appellant's criminal intent to commit the violations of the medicaid fraud statute was sufficient to sustain his convictions. The dental assistants testified that it was appellant himself who taught them the complete prophylaxis procedure, that is, the process of cleaning both above and below the patient's gum line. If appellant instructed the assistants to perform the complete procedure, then he "intentionally" and "knowingly" violated the statute when he permitted them to perform the service on his patients and then submitted bills to the Welfare Department for services which actually were performed by his assistants and not by him. Accordingly, we find that the trial court committed no error in sustaining the Commonwealth's objection to the introduction of the testimony of appellant's attorney regarding appellant's state of mind.

Appellant next contends that the evidence was insufficient to sustain the verdict of guilty to both The Dental Law violations and to the medicaid fraud charges. He first argues that the Commonwealth failed to meet its burden of establishing that the unlicensed dental assistants performed the prophylaxis service both above and below the gum line of the patients identified in the criminal information and therefore produced insufficient evidence to sustain The Dental Law convictions. Second, he argues that the evidence to support the medicaid fraud charges was insufficient on the basis that the testimony of the dental assistants

established that appellant performed a portion of the pro- phylaxis procedure on each patient served by the dental assistants and therefore acted properly in submitting bills to the Welfare Department for services partially performed by him. Appellant also contends that the evidence produced by the Commonwealth of the correlation between the dental assistants' initials on patient dental charts and the services performed on the patients identified in the criminal informa- tion was insufficient to establish that the dental assistants actually performed those services on the named individuals.

The standard for reviewing sufficiency of the evidence claims is well-established.

> Whether, viewing the evidence in the light most favorable to the Commonwealth [as verdict winner], and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt.... The Common- wealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Moreover, in apply- ing the above test, the entire trial record must be evaluat- ed and all evidence actually received must be con- sidered....

*Commonwealth v. Griscavage,* 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986); *Commonwealth v. Hunter,* 381 Pa.Su- per. 606, 554 A.2d 550 (1989).

█ Viewing the evidence in accordance with our stan- dard of review, we find that the Commonwealth produced sufficient evidence to support the guilty verdicts to viola- tions of both The Dental Law and the medicaid fraud statute. We also reject appellant's assertion that a dichoto- my exists between the elements of The Dental Law viola- tions and the charges of medicaid fraud.

First, the Commonwealth was not obligated to prove that the dental assistants performed the cleaning procedure both above and below the patients' gum lines to establish viola- tions of The Dental Law. No such requirement is apparent in a plain reading of the regulation involved, that is, 49

Pa.Code § 33.201, which describes the duties reserved to licensed hygienists. Further, the two dental experts produced by the Commonwealth testified that a prophylaxis procedure does not necessarily involve cleaning both above and below the gum line. Appellant concedes the dental assistants did perform the prophylaxis service above the patients' gum lines.

Secondly, contrary to appellant's assertion in his brief, the dental assistants did testify to performing the cleaning procedure below the gum line of the patients involved. During his own testimony, appellant denied permitting the dental assistants to perform the service below the gum line. However, the evidence that he did so was sufficient to support a conviction. The jury simply chose to believe the dental assistants' testimony. As we stated in *Commonwealth v. Stephany*, 228 Pa.Super. 184, 323 A.2d 368 (1974), a mere conflict of testimony does not render the evidence insufficient. Thus, even if we were to accept appellant's argument regarding the two-pronged burden placed upon the Commonwealth to establish violations, the record clearly reveals that the Commonwealth met that burden.

With respect to the medicaid fraud charges, we find that once again, the record fails to support appellant's argument that appellant performed a portion of the prophylaxis services on the patients involved. In fact, one of the two dental assistants who testified during the trial stated categorically that appellant did *not* clean the teeth of the patients identified in the criminal information. She supported her recollection by explaining that during the time period when those patients were served, appellant cleaned the teeth of only "very special" patients. The patients identified in trial were *not* special patients according to the dental assistant. N.T., 12/6/88, at 206–207. The jury again chose to believe the prosecution's witness. Consequently, the evidence produced by the Commonwealth was sufficient to permit the jury to conclude that appellant billed the Welfare Department for services performed not

by him, but by his unlicensed dental assistants, thereby violating the medicaid fraud statute.

Appellant's argument that the evidence linking the dental assistants with the patients for whom the cleaning services were provided was insufficient also is unpersuasive. Despite the fact that the prosecution's witnesses lacked an independent recollection of the individual patients involved, they explained their system of marking the records with their initials upon performance of the procedure. This system and the witnesses' unequivocal identification of their initials on the records of the patients provide sufficient evidence that the assistants did perform the cleaning procedure on those patients. Furthermore, at least one of the assistants testified that she was certain that she performed the cleaning procedure on those patients since appellant performed none of those services during the relevant period except for a few special patients who were not involved in these proceedings.

We also find appellant's final contention that the verdict is against the weight of the evidence to be without merit. Appellant failed to establish, in accordance with the standard set forth in *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984), that the verdict was so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail. On the contrary, the verdict in the present case was consistent with the evidence presented by the prosecution, and however laudable appellant's efforts to serve the medical needs of the disadvantaged may have been, the jury properly found that he violated both The Dental Law and the medicaid fraud statute in providing those services.

Accordingly, we affirm.

BECK, J., concurs in the result.