J-A07038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUINTEZ TALLEY | : | |
| | : | No. 870 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence December 15, 2015
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000873-2014,
CP-14-CR-0000886-2014

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED APRIL 26, 2018**

Appellant, Quintez Talley, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Centre County following his conviction by a jury on one count of arson, one count of risking a catastrophe, two counts of recklessly endangering another person, and one count of institutional vandalism[1] with respect to offenses he committed on March 3, 2014, as well as one count of arson, five counts of recklessly endangering another person, and one count of institutional vandalism[2] with

_____

[1] 18 Pa.C.S.A. §§ 3301, 3302, 2705, and 3307, respectively. These charges were docketed in the lower court at number CP-14-CR-0000886-2014.

[2] 18 Pa.C.S.A. §§ 3301, 2705, and 3307, respectively. These charges were docketed in the lower court at number CP-14-CR-0000873-2014.

_____

*   Former Justice specially assigned to the Superior Court.

respect to offenses he committed on March 5, 2014. After a careful review, we affirm.

The relevant facts underlying this appeal have been set forth, in part, by the trial court as follows:

> Appellant was an inmate at SCI Benner on March 3, 2014, and March 5, 2014. On March 3, 2014, Appellant started a fire in his cell after a disagreement with correctional officers. This fire grew and created a large amount of smoke. Correctional officers were forced to evacuate inmates from other cells for the inmates' safety due to the smoke. Correctional officers also had to enter [Appellant's] cell, which was full of smoke, in order to extinguish the fire. Several of the correctional officers were directed to go to Mount Nittany Medical Center for oxygen treatment due to smoke inhalation. The fire and smoke caused damage to [Appellant's] cell.
>
> After the March 3, 2014[,] fire, Appellant was placed in another unit within the same facility. Appellant [ ] admitted to setting another fire in his new cell on March 5, 2014. Correctional officers were again forced to enter his smoke-filled cell in order to extinguish the fire and ensure Appellant's safety. This fire caused damage to the cell.

Trial Court Opinion, filed 7/20/17, at 1-2 (citations to record omitted).

With respect to the March 3, 2014, fire, the Commonwealth filed various charges against Appellant, which were docketed at lower court number CP-14-CR-0000886-2014, and with respect to the March 5, 2014, fire, the Commonwealth filed various charges against Appellant, which were docketed at lower court number CP-14-CR-0000873-2014. The charges were consolidated and, represented by counsel, Appellant proceeded to a jury trial.

At the jury trial, "Appellant openly and willingly admitted. . .to starting fires in his cell on March 3, 2014[,] and March 5, 2014." *Id.* at 2. The jury

- 2 -

convicted Appellant of the offenses indicated *supra*. On December 15, 2015, Appellant was sentenced to an aggregate of five years to ten years in prison with respect to his convictions at lower court docket number CP-14-CR-0000886-2014, and an aggregate of eight years to sixteen years in prison with respect to his convictions at lower court docket number CP-14-CR-0000873-2014; the sentences to run consecutively.[3] On December 18, 2015, Appellant filed a timely, counseled post-sentence motion,[4] and, following a hearing, the trial court denied, in part, and granted, in part, the motion.[5] Appellant then filed a notice of appeal to this Court.

By order entered on July 6, 2016, this Court dismissed Appellant's appeal for failure to file a brief. Thereafter, on December 13, 2016, Appellant sought the restoration of his direct appeal rights via a timely PCRA[6] petition, which the PCRA court granted on April 27, 2017. This timely, counseled appeal followed on May 25, 2017.

---

[3] The trial court informed Appellant of his post-sentence and appellate rights. N.T., 12/15/15, at 21.

[4] Therein, Appellant presented a weight of the evidence claim, a challenge to the sufficiency of the evidence on the basis there was no evidence Appellant intentionally started the fires, and a motion challenging restitution.

[5] Specifically, the trial court denied all of Appellant's requests for relief, except that it vacated the order requiring Appellant to pay $200.00 in restitution to Leon Lobban, an inmate.

[6] Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

On June 2, 2017, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied. In his Rule 1925(b) statement, Appellant averred the following (*verbatim*):

1) Was the evidence insufficient to support the jury's verdicts of guilty on the following offenses pertaining to the March 3, 2014, fire?

    a. Arson Endangering Property, 18 Pa.C.S. 3301(c)(2)

    b. Risking a Catastrophe, 18 Pa.C.S. 3302(b)

    c. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Michael Wortsell)

    d. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Michael Lefebvre)

    e. Institutional Vandalism-Educational Facility, 18 Pa.C.S. 3307(a)(3)

2) Was the evidence insufficient to support the jury's verdicts of guilty on the following offenses pertaining to the March 5, 2014, fire?

    a. Arson Endangering Property, 18 Pa.C.S. 3301(c)(2)

    b. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Brian George)

    c. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Robert Williamson)

    d. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Bernard Karabinos)

    e. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Gregory Buck)

    f. Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Nicholas Lieb)

    g. Institutional Vandalism-Educational Facility

3) Such other issues as may be identified after review of the notes of testimony at trial and transcripts of other proceedings. Undersigned counsel hereby reserves the right to supplement

his 1925(b) statement upon receipt and review of these outstanding materials.

Appellant's Pa.R.A.P. 1925(b) Statement, filed 6/20/17.

Thereafter, Appellant neither supplemented nor filed a petition seeking to supplement his Pa.R.A.P. 1925(b) statement. On July 20, 2017, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it addressed, generally, Appellant's sufficiency claims.

In his appellate brief, Appellant avers the evidence was insufficient to convict him on seven counts of recklessly endangering another person (namely, seven correctional officers) as there is no evidence that any of the correctional officers suffered serious bodily injury or that Appellant attempted to cause serious bodily injury. He further avers the evidence was insufficient to convict him of risking a catastrophe as the fires caused minimal damage to the prison.[7]

In response to Appellant's appellate argument, the Commonwealth suggests that Appellant has waived his sufficiency claims. Specifically, citing to Pa.R.A.P. 1925(b), the Commonwealth avers "Appellant has waived his sufficiency claim[s] by filing an overbroad and generic challenge to all of his convictions without specifying which elements he is challenging."

---

[7] Appellant presents both of his sufficiency claims in one argument section. *See* Appellant's Brief at 8-11.

Commonwealth's Brief at 7 (citation omitted). We agree with the Commonwealth.

As this Court has consistently held:

If [the] [a]ppellant wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [ ] does not specify the allegedly unproven elements[,]. . .the sufficiency issue is waived [on appeal].

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa.Super. 2008) (citation and emphasis omitted). This Court has held that "[s]uch specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013).

Here, as indicated *supra*, in his court-ordered Pa.R.A.P. 1925(b) statement, Appellant listed the twelve charges for which he was convicted with regard to the two separate fires, and he averred generally that the evidence was insufficient to sustain his convictions. Appellant did not identify which elements of the convictions he was challenging. Therefore, we conclude that

Appellant's sufficiency of the evidence claims are waived on appeal.[8]  **See**

**Williams**, 959 A.2d at 1257.

In his final claim, Appellant avers that his aggregate sentence for both

lower court docket numbers is excessive.  Specifically, he avers that, given

the minimal damage caused by the fires, as well as the trial court's failure to

consider adequately Appellant's rehabilitative needs, the aggregate sentences

are excessive.  Appellant's claim presents a challenge to the discretionary

aspects of his sentences.  **Commonwealth v. Johnson-Daniels**, 167 A.3d

17 (Pa.Super. 2017).

When an appellant challenges the discretionary aspects of his sentence,

we must consider his brief on this issue as a petition for permission to appeal.

**See id.**  Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[8] In any event, as to the specific sufficiency claims raised by Appellant on appeal, we agree with the trial court that the evidence was sufficient to sustain Appellant's conviction as to risking a catastrophe with regard to the March 3, 2014, fire, as well as recklessly endangering another person (collectively seven correctional officers) with regard to both fires.  **See** Trial Court Opinion, filed 7/20/17, at 4-5 (discussing the evidence presented at trial, in the light most favorable to the Commonwealth, as verdict winner, as to risking a catastrophe); **Id.** at 5-6 (discussing the evidence presented at trial, in the light most favorable to the Commonwealth, as verdict winner, as to recklessly endangering another person-seven correctional officers).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).

Here, Appellant filed a timely notice of appeal; however, as the Commonwealth argues, Appellant has not preserved his discretionary sentencing claims. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super. 2012) (*en banc*) (citation omitted). In the case *sub judice*, although Appellant filed a post-sentence motion, he did not raise any discretionary aspects of sentencing claims therein. Moreover, Appellant did not present an objection on this basis during his sentencing hearing. Accordingly, we deem this issue to be waived. ***See id.***

Additionally, we conclude Appellant's discretionary aspects of sentencing claim is waived because he did not present the claim in his court-ordered Pa.R.A.P. 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Furthermore, Appellant failed to include a separate Pa.R.A.P. 2119(f) statement in his appellate brief, and the Commonwealth has objected to its omission. ***See*** Commonwealth's Brief at 4. Accordingly, Appellant's discretionary sentencing issue is waived

on this basis, as well. **_Commonwealth v. Montgomery_**, 861 A.2d 304, 308

(Pa.Super. 2004) (citations omitted).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/26/18

Covalt
Trialonas

Circulated 04/04/2018 09:23 AM

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CRIMINAL ACTION – LAW

COMMONWEALTH OF PENNSYLVANIA    )
                                )
            v.                  )        No.  CP-14-CR-0873-2014
                                )             CP-14-CR-0886-2014
QUINTEZ TALLEY,                 )
                Defendant.      )

*Attorney for Commonwealth:*            *Lindsay C. Foster, Esquire*
*Attorney for Defendant:*               *Steven P. Trialonas, Esquire*


## OPINION IN RESPONSE TO MATTERS COMPLAINED OF ON APPEAL

Presently before the Court is an appeal filed by Quintez Talley ("Appellant"). Appellant's

Concise Statement of Matters Complained of on Appeal contains two (2) issues while reserving the right

to supplement his statement:

1.  Was the evidence insufficient to support the jury's verdicts of guilty on the following offenses pertaining to the March 3, 2014 , fire?
    a.  Arson Endangering Property, 18 Pa.C.S. 3301(c)(2)
    b.  Risking a Catastrophe, 18 Pa.C.S. 3302(b)
    c.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Michael Wortsell)
    d.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Michael Lefebvre)
    e.  Institutional Vandalism – Educational Facility, 18 Pa. C.S. 3307(a)(3)
2.  Was the evidence insufficient to support the jury's verdicts of guilty on the following offenses pertaining to the March 5, 2014 , fire?
    a.  Arson Endangering Property, 18 Pa.C.S. 3301(c)(2)
    b.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Brian George)
    c.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Robert Williamson)
    d.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Bernard Karabinos)
    e.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Gregory Buck)
    f.  Recklessly Endangering Another Person, 18 Pa.C.S. 2705 (Nicholas Lieb)
    g.  Institutional Vandalism – Educational Facility, 18 Pa. C.S. 3307(a)(3)

The Court disagrees with Appellant's Statement for the reasons set forth below.

## BACKGROUND

Appellant was an inmate at SCI Benner on March 3, 2014 and March 5, 2014. On March 3,

2014, Appellant started a fire in his cell after a disagreement with Correctional Officers. Tr. 21-52.

1

☒O ☐RD ☐S

This fire grew and created a large amount of smoke. *Id.*, Tr. 98:22-99:13. Correctional Officers were forced to evacuate inmates from other cells for the inmates' safety due to the smoke. Tr. 61:1-17. Correctional Officers also had to enter the cell, which was full of smoke, in order to extinguish the fire. Tr. 99:17-100:8. Several of the Correctional Officers were directed to go to Mount Nittany Medical Center for oxygen treatment due to smoke inhalation. Tr. 104:14-23. The fire and smoke caused damage to the cell. Tr. 186:1-190:21.

After the March 3, 2014 fire, Appellant was placed in another unit within the same facility. Appellant also admitted to setting another fire in his new cell on March 5, 2014. Tr. 235:9-17. Correctional Officers were again forced to enter his smoke filled cell in order to extinguish the fire and ensure Appellant's safety. Tr. 153:16-156:14. This fire caused damage to the cell. Tr. 186:1-190:21. To reiterate, the Appellant openly and willingly admitted during the trial to starting fires in his cells on March 3, 2014 and March 5, 2014. Tr. 235:9-17, 249:15-250:19.

## DISCUSSION

The standard for a challenge to the sufficiency of the evidence is well settled:

> [The Court] must determine whether, viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the jury could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence can be considered equally when assessing the sufficiency of evidence.

*Com. v. Woodruff*, 668 A.2d 1158, 1159–60 (Pa. Super. 1995). Beyond a reasonable doubt does not require the Commonwealth to "establish guilt to a mathematical certainty." *Com. v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (quoting *Com. v. Coon*, 695 A.2d 794, 797 (Pa. Super. 1997)). Further, the reviewing court:

> [M]ay not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts

2

⊠O ☐RD ☐S

regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Com. v. Lambert*, 795 A.2d 1010, 1014 (Pa. Super. 2002) (quoting *Com. v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000) (citations omitted)). All of the record and evidence received shall be considered by the reviewing court, and the jury may "believe all, part or none of the evidence." *Id.*

The statutory definition of arson endangering property reads, "A person commits a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if he thereby recklessly places an inhabited building or occupied structure of another in danger of damage or destruction. 18 Pa.C.S. §3301(c)(2). In order to convict person of arson, prosecution must establish beyond reasonable doubt that there was a fire, that it was willfully and maliciously set, and that defendant was guilty party. *Com. v. Trafford*, 459 A.2d 373, 374 (Pa. Super. 1983). A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. 18 Pa.C.S.A. §302(b)(3). The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. *Id.*

The Appellant has admitted to setting the fires on March 3, 2014 and March 5, 2014. Tr. 235:9-17, 249:15-250:19. Therefore, the requirements that there be a fire, it was willfully and maliciously set, and defendant was the guilty party are all met. Based on the evidence presented, a jury could find Appellant acted in conscious disregard to the safety of the facility, the staff, and the other inmates. The jury could also find that starting fires in a densely inhabited facility constituted a gross deviation from the standard of conduct that a reasonable person would observe in the Appellant's situation. Therefore, a

3

☒O ☐RD ☐S

jury could find beyond reasonable doubt that Appellant acted recklessly in both incidents. SCI Benner was an inhabited facility on March 3, 2014 and March 5, 2014. The Appellant not only put the facility in danger of damage but did in fact cause damage to the facility on March 3, 2014 and March 5, 2014. Tr. 186:1-190:21. Evidence was presented that Appellant intentionally started a fire recklessly placing an inhabited building in danger of damage or destruction. Given the evidence presented, this Court concludes the jury could find beyond a reasonable doubt that Appellant was guilty of Arson Endangering Property for the fires on March 3, 2014 and March 5, 2014.

The statutory definition of Risking a Catastrophe reads, "A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section." 18 Pa.C.S. §3302(b). A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. 18 Pa.C.S.A. §302(b)(3). "Risk" proscribed by this section is use of dangerous means by one who consciously disregards a substantial and unjustifiable risk and thereby unnecessarily exposes society to an extraordinary disaster. *Com. v. Simkins*, 443 A.2d 825, 827 (Pa. Super. 1982). Catastrophe is intended to be synonymous with widespread injury or damage. *Com v. Hughes*, 364 A.2d 306, 312 (Pa. 1976).

As discussed above, the Appellant disregarded a substantial and unjustifiable risk when he acted recklessly by starting a fire in a densely inhabited facility on March 3, 2014. This fire also caused a great deal of smoke. Tr. 98:22-99:13. Breathing in smoke can cause serious injury as discussed during the trial. Tr. 195:6- 202:2. Furthermore, many of the other inmates in the cellblock were locked inside of their cells and had to be evacuated from the building. Tr. 61:1-17. If the fire had spread or the inmates had not been released, many of them could have suffered severe injuries or even death due to the fire or to smoke inhalation. Therefore, this Court concludes that a jury could reasonably find the Appellant

4

☒O ☐RD ☐S

recklessly created a risk of a catastrophe by starting a fire in which widespread injury or death could have occurred. A jury could find beyond a reasonable doubt that Appellant was guilty of Risking a Catastrophe under 18 Pa.C.S. §3302(b).

The statutory definition of Recklessly Endangering Another Person reads, "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. §2705. Recklessly endangering another person requires (1) a mens rea recklessness, (2) an actus reus some "conduct," (3) causation "which places," and (4) the achievement of a particular result "danger," to another person, of death or serious bodily injury. *Com. v. Trowbridge*, 395 A.2d 1337, 1340 (Pa. Super. 1978). The mens rea for recklessly endangering another person is a conscious disregard of a known risk of death or great bodily harm to another person. *Com. v. Martuscelli*, 54 A.3d 940, 949 (Pa. Super. 2012) (citing *Com. v. Hopkins*, 747 A.2d 910, 916 (Pa. Super. 2000). "Serious bodily injury" is defined as bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. 18 Pa.C.S.A. §2301. To sustain a conviction under this statute the Commonwealth must prove danger, not merely an apprehension of danger. *Trowbridge*, 395 A.2d at 1340. This requires an actual present ability to inflict harm. *Id.*

As discussed above, Appellant recklessly acted with conscious disregard and knowingly set fires in his cells that could have caused death or bodily harm to himself, the other inmates, and the Correctional Officers. Evidence of the fires and the smoke they created was presented throughout the trial to the jury. See generally, Tr. 98:22-99:13, 153:16-156:14. The Commonwealth presented evidence concerning the bodily injury and impairment that smoke inhalation can cause. Tr. 195:6-202:2. The Commonwealth also presented evidence that the Correctional Officers have to protect the inmates and ensure their safety. Tr. 53:11-16. Correctional Officers were forced to enter the cells which had fires

5

☒O ☐RD ☐S

burning and worked in or around large amounts of smoke. Tr. 99:17-100:8, 153:16-156:14. Based on the evidence presented, a jury could find Appellant recklessly, by starting fires in his cell, placed the Correctional Officers in danger of death and serious bodily injury due to the fire and smoke inhalation on March 3, 2014 and on March 5, 2014. This Court concludes the jury could find beyond a reasonable doubt that Appellant was guilty of all of the charges of Recklessly Endangering Another Person under 18 Pa.C.S. §2705.

The statutory definition of institutional vandalism- educational facility reads, "A person commits the offense of institutional vandalism if he knowingly desecrates, as defined in section 5509 (relating to desecration or sale of venerated objects), vandalizes, defaces or otherwise damages any school, educational facility, community center, municipal building, courthouse facility, state or local government building or vehicle or juvenile detention center." 18 Pa.C.S.A. §3307(a)(3). A person acts knowingly with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result. 18 Pa. C.S.A. §302(b)(2).

In regards to the March 3, 2014 incident, Appellant stated that he watched a match burn down and it was a hard decision to throw it onto the mattress. Tr. 220:3-7. Throughout the rest of his testimony he states that he wanted to start the fire as a statement concerning his treatment as a prisoner. See generally, Tr. 218:22-219:19. Appellant knew that starting a fire could damage the facility. This is evident in his statement that he was going to "burn this bitch down". Tr. 32:17-18. The Appellant did in fact cause damage to the state correctional facility which cost $112.29 to repair. Tr. 186:1-190:21. Therefore, the Commonwealth presented evidence that Appellant knowingly damaged a state building by fire in his cell. Considering all of the evidence presented, this Court concludes the jury could

6

☐S

find beyond a reasonable doubt that Appellant was guilty of Institutional Vandalism for the March 3, 2014 fire.

The Appellant also stated that he knowingly set another fire in his cell on March 5, 2014. Tr. 231:19-232:5. Appellant again stated he was going to "burn this bitch down". Tr. 145:15-16. This demonstrates the Appellant's knowledge that fire has a propensity to destroy. Once again, this fire did in fact cause damage to the state correctional facility. Tr. 186:1-190:21. Therefore, the Commonwealth presented evidence that Appellant knowingly damaged a state building by setting a fire in his cell. Considering all of the evidence presented, this Court concludes the jury could find beyond a reasonable doubt that Appellant was guilty of Institutional Vandalism for the March 5, 2014 fire.

For the foregoing reasons, the Court respectfully requests that the jury's verdict remain undisturbed.

BY THE COURT:

Jonathan D. Grine, Judge

Date:   July _11_, 2017

7

JRD  □S